Merrimack
No. 93-054

## NEW HAMPSHIRE DIVISION OF HUMAN SERVICES

v.

## RALPH P. ALLARD & a.

June 30, 1994

*Jeffrey R. Howard*, attorney general (*William C. McCallum*, assistant attorney general, on the brief and orally), for the plaintiff.

*Sakellarios & Associates*, of Manchester (*Jean-Claude Sakellarios* on the brief and orally), for defendant Ralph P. Allard.

*Sulloway & Hollis*, of Concord (*Eleanor H. MacLellan* and *Douglas D. Byrd* on the brief), by brief for defendant Mammoth Nursing Home, Inc.

HORTON, J. The plaintiff, New Hampshire Division of Human Services (division), appeals from an order of the Superior Court

(*Hampsey*, J.) dismissing, on statute of limitations grounds, its action for repayment of Medicaid funds received by the defendant nursing home. The plaintiff argues that its cause of action for depreciation recapture did not accrue at the time the nursing home was sold, and that even if it did accrue at that time, the limitations period should have been tolled during the pendency of an administrative proceeding. We reverse.

Defendant Mammoth Nursing Home, Inc. (Mammoth), of which defendant Ralph Allard was a principal, contracted with the State to participate in the federal Medicaid program, which is administered in New Hampshire by the division. The relationship between Mammoth and the division was largely governed by State regulations, collectively referred to as the Medical Assistance Manual (MAM) and designated at all times relevant to this appeal as N.H. ADMIN. RULES, He-W 504.18(p). Part of the reimbursement that Mammoth received as a program participant was an allowance for depreciable assets. MAM Appendix B, § 9999.7(b). Upon the sale of a depreciable asset at a gain, the division is entitled to depreciation recapture. *Id.*

On December 18, 1985, Mammoth sold the nursing home. After conducting an audit and concluding that the sale produced a gain, the division sent a notice of recapture on July 24, 1987, to Allard as Mammoth's registered agent. The notice referred Mammoth to its right to request a hearing before a division hearings officer pursuant to MAM Appendix B, section 9999.11. Defendants Mammoth and Allard requested a hearing, which was held on August 22, 1988. In a November 16, 1988, letter to the defendants' attorney, the hearings officer indicated that he was still awaiting production of some evidence promised by the defendants. The evidence was not produced, and on April 25, 1989, the director found that the division was entitled to recapture $79,052. The April 25, 1989, decision alerted the defendants that, pursuant to MAM Appendix B, section 9999.11(e), they had thirty days to appeal the decision to the commissioner. Mammoth neither appealed the decision to the commissioner nor sought judicial review. On July 31, 1989, the division informed the defendants that the right to seek rehearing had expired, and demanded payment. No payment was forthcoming, and in April 1992, the division filed a writ in superior court against Allard and Mammoth for the $79,052. Mammoth, now represented by different counsel than Allard, moved to dismiss, arguing that the division's actions in assumpsit and debt were governed by a six-year limitations period for personal actions, *see* RSA 508:4 (1983) (amended 1986), and that the limitations period had expired because the action was based on

the December 18, 1985, sale. The trial court agreed, granted Mammoth's motion to dismiss, and dismissed the action against Allard *sua sponte.*

On appeal, the division does not argue that the trial court applied the wrong statute of limitations or that the statute was satisfied by the commencement of the administrative process; instead, the division argues only that the cause of action did not accrue until the final administrative decision, and that even if it accrued on the date of sale, the trial court should have tolled the limitations period while the administrative process was pending. The division also argues that, in any event, the trial court erred by dismissing the action against Allard *sua sponte.* Assuming the right statute of limitations was applied and that it was not satisfied by the commencement of the administrative process, we need not decide when the cause of action accrued or whether *sua sponte* dismissal was proper because we hold that, even if the cause of action accrued on the date of sale, the limitations period should have been tolled during the pendency of the administrative process.

Although the question of whether an administrative proceeding tolls the limitations period within which a civil action must be commenced is one of first impression for us, it has received considerable attention in other jurisdictions. The general rule distilled from those cases is that the limitations period is not tolled during a pending administrative proceeding unless that proceeding is a prerequisite to pursuit of the civil action. *See* 54 C.J.S. *Limitations of Actions* § 130 (1987); *W.V. Pangborne & Co. v. N.J. DOT,* 116 N.J. 543, 556–57, 562 A.2d 222, 228 (1989) ("in order that the pendency of other proceedings shall have the effect of tolling the statute of limitations on a cause of action, the proceedings must be such as to prevent enforcement of the remedy by action" (quotation omitted)); *see also Phillips v. County of Fresno,* 277 Cal. Rptr. 531, 537 (Cal. App. 1990) (noting cause of action accrues when employee first has right to demand pension but is tolled while claim is under consideration by pension board); *Butler v. Glen Oak's Turf, Inc.,* 196 Ga. App. 98, 395 S.E.2d 277 (1990); *Sigurdson v. Isanti County,* 433 N.W.2d 910 (Minn. App. 1988).

Application of this general rule requires tolling in the present case regardless of whether the agency enjoys exclusive jurisdiction to conduct recapture hearings or whether it shares such jurisdiction with the superior court. If we assume the agency has exclusive jurisdiction, an agency proceeding is a definitional prerequisite to any superior court proceeding. Even assuming concurrent

jurisdiction, we have long recognized the doctrine of "primary jurisdiction"; namely, that "a court will refrain from exercising its concurrent jurisdiction to decide a question until it has first been decided by a specialized agency that also has jurisdiction to decide it." *Wisniewski v. Gemmill*, 123 N.H. 701, 706, 465 A.2d 875, 878 (1983); *see also Bd. of Trustees v. Keene State Coll. Educ. Assoc.*, 126 N.H. 339, 342, 493 A.2d 1121, 1124 (1985). Similarly, we have generally required parties to exhaust administrative remedies before seeking judicial review. *John H. v. Brunelle*, 127 N.H. 40, 44, 500 A.2d 350, 352 (1985); *see also Metzger v. Brentwood*, 115 N.H. 287, 290, 343 A.2d 24, 26 (1975). These requirements are imposed in order to "encourag[e] the exercise of agency expertise, preserv[e] agency autonomy, and promot[e] judicial efficiency." *Metzger*, 115 N.H. at 290, 343 A.2d at 26. Collectively, the effect of these doctrines in a Medicaid depreciation recapture case is to prohibit the superior court from exercising original jurisdiction to determine whether recapture is due, and once the administrative process has commenced, to prohibit it from reviewing agency determinations until rehearing efforts have proven unsuccessful. In other words, the requirement for tolling identified by other jurisdictions—that the administrative proceeding be a prerequisite to pursuit of a civil action—is met.

Because tolling of the limitations period in this case is based on the exercise of our equitable power, we also look to practical concerns in the present case. Particularly, we note that the main purpose of the statute of limitations—to "insure timely notice to an adverse party so that he can assemble a defense while facts are still fresh," *Butler*, 196 Ga. App. at 99, 395 S.E.2d at 278 (quotation omitted)—is not frustrated by tolling in this case. Here, the division's notice of July 24, 1987, alerted the defendants that the division intended to seek recapture, and the defendants' request for an administrative hearing suggests that their efforts to assemble a defense were well underway. Both defendants argue that we should not toll the limitations period during the administrative phase because, they suggest, the division can manipulate that phase. Absent a convincing showing to the contrary, we assume that hearings officers maintain independence from the agency. Finally, we reject the defendants' "solution" whereby the division should file its writ in superior court so as to satisfy the statute of limitations, but simultaneously seek to stay court proceedings to allow for administrative disposition. Such a practice introduces an unnecessary and costly step which tolling avoids.

*Reversed and remanded.*

All concurred.