Hillsborough-southern judicial district
No. 96-311

DOUGLAS W. DRAPER

v.

WILLIAM E. BRENNAN & a.

May 14, 1998

*Elizabeth Cazden*, of Manchester, by brief and orally, for the plaintiff.

*Dean, Rice & Howard, P.A.*, of Manchester (*Mark E. Howard* on the brief and orally), for the defendants.

JOHNSON, J. The plaintiff, Douglas W. Draper, appeals the Superior Court's (*Dalianis*, J.) grant of summary judgment to the defendants, Attorney William E. Brennan and his law firm, Brennan, Caron, Lenehan & Iacopino, a Professional Association, in this legal malpractice action. We affirm in part, reverse in part, and remand.

The plaintiff's writ alleged the following facts. In the 1980s, the plaintiff retained the defendants to represent him in an action against a bank (the bank) and its president. The action was settled on February 12, 1986, in an agreement made on the record before the Superior Court (*Flynn*, J.) (the settlement agreement). At that time, the plaintiff expressed concern over certain language and ambiguities in the settlement agreement regarding the provision of medical insurance coverage for the plaintiff. The plaintiff believed that he was to be provided free medical insurance coverage for himself and his family until he reached sixty-five years of age, regardless of changes in internal bank policies or ownership.

On or about May 25, 1988, the plaintiff was notified by the bank that his medical benefits had been modified and that he would have

to pay a portion of his insurance premiums or lose his coverage. Although not specifically alleged in the plaintiff's writ, it appears from the record that the plaintiff was again notified on November 20, 1990, that he had to pay a portion of his premiums. On the plaintiff's behalf, the defendants moved to enforce the settlement agreement on December 13, 1990. The Superior Court (*Groff*, J.) denied the motion on February 15, 1991, ruling that the bank could require the plaintiff to contribute to a modified health plan to retain coverage. The plaintiff's motion for reconsideration was denied on March 19, 1991.

The defendants filed a notice of appeal to this court on the plaintiff's behalf on April 19, 1991, one day later than required. We denied the plaintiff's motion to extend time to allow late entry of notice of appeal on May 17, 1991, and a motion to reconsider on June 19, 1991.

Additional undisputed facts before us are that the Federal Deposit Insurance Corporation (FDIC) took over the bank on October 10, 1991, and terminated the plaintiff's medical benefits. On the plaintiff's behalf, the defendant sought to enforce the settlement agreement against the FDIC. That action was dismissed on May 21, 1992, on the ground, *inter alia*, that the FDIC's power to repudiate executory contracts applied to the settlement agreement.

The plaintiff commenced this action on April 18, 1994, alleging that the loss of his insurance coverage under the settlement agreement was due to the defendants' negligence. The defendants moved for summary judgment on the ground, *inter alia*, that the plaintiff's suit was barred by the statute of limitations. The defendants' motion was granted by the superior court.

The trial court found that the statute of limitations could have started running on any of the following dates: February 12, 1986, when the settlement agreement was reached; 1988, when the plaintiff was first notified that he would have to pay a portion of his insurance premiums; 1990, when the plaintiff was informed of another change in his benefits and was again told that he had to contribute toward the premiums; and February 15, 1991, when the superior court held that the settlement agreement did not prevent the bank from requiring the plaintiff to pay a portion of the premium. The court found that the statute of limitations had run with respect to each date. This appeal followed.

On an appeal from the grant of a motion for summary judgment,

we consider the affidavits and all reasonable inferences drawn from them in the light most favorable to the

non-moving party. If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper.

*Weaver v. Royal Ins. Co. of America*, 140 N.H. 780, 781, 674 A.2d 975, 977 (1996) (citation omitted); *see also* RSA 491:8-a, III (1997).

We must decide not only when the statute of limitations began to run, but also which statute of limitations applies. Prior to 1986, the relevant statute of limitations provided: "Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 6 years of the time the cause of action accrued." RSA 508:4, I (1983) (amended 1986). We did, however, apply the common law discovery rule, which generally provides that "[a] cause of action does not accrue . . . until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered both the fact of his injury and the cause thereof," *Conrad v. Hazen*, 140 N.H. 249, 250-51, 665 A.2d 372, 374 (1995) (quotation omitted), to cases of legal malpractice. *See McKee v. Riordan*, 116 N.H. 729, 730-31, 366 A.2d 472, 473 (1976). Effective July 1, 1986, the statute read:

> Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

RSA 508:4, I (1997). The amending statute provided that this section "shall apply to all causes of action arising on or after July 1, 1986." Laws 1986, 227:22, II. While each party maintains that it would prevail regardless of which statute applies, we believe that disposition of this case requires us to determine the applicable statute.

In *Conrad*, we recognized that the date on which a cause of action arises and the date on which it accrues may differ.

> A cause of action, therefore, arises once all the necessary elements are present. In the case of torts, it would be when causal negligence is coupled with harm to the plaintiff. While the action may not "accrue" until the plaintiff should reasonably know of the damage, it has arisen. We hold,

> therefore, that a plaintiff who alleges an injury based on a defendant's conduct that occurred prior to July 1, 1986, but where either the injury or its cause was not discovered until sometime after that date, would have the benefit of the six-year statute of limitations and the common law discovery rule.

*Conrad*, 140 N.H. at 252, 665 A.2d at 375 (citation omitted). We have also noted that the elements of a cause of action for legal malpractice require proof of an attorney-client relationship, which by law imposes a duty on the attorney "to exercise care, skill and knowledge in providing legal services to the client; a breach of that duty; and a connection of legally recognized causation between the breach and resulting harm to the client." *Witte v. Desmarais*, 136 N.H. 178, 182, 614 A.2d 116, 117 (1992) (quotation omitted).

The parties do not dispute the existence of an attorney-client relationship or the occurrence of an alleged breach of duty on February 12, 1986. Their argument centers on when the harm to the plaintiff occurred and when the plaintiff reasonably should have known of the connection between that harm and the defendants' alleged negligence. What the parties' briefs obscure, however, is that the plaintiff has arguably alleged more than one breach of duty by the defendants. The plaintiff characterizes his writ as alleging "professional malpractice consisting of *both* failing to craft a settlement agreement that would protect Mr. Draper's health insurance rights into the future, and failing to file a timely appeal from the adverse 1991 order interpreting the settlement agreement." (Emphasis added.) Based on the plaintiff's arguments before us, we believe that the first alleged failure in turn encompasses two distinct breaches: the failure to obtain a bond or annuity to secure the bank's obligation to provide the plaintiff with health insurance, and the failure to word the settlement agreement to ensure that the bank had to pay the plaintiff's entire premium regardless of whether it might later require its employees to pay a portion for their coverage. We address each of these breaches in turn.

With regard to the first alleged breach, the plaintiff maintains that despite his "repeated requests for some type of annuity or bonding to secure [the provision of health insurance], Attorney Brennan in negotiating the settlement failed to require any security for the health insurance provision." This breach occurred when the settlement agreement was reached and memorialized on February 12, 1986. We conclude that the harm to the plaintiff also occurred on that date. When the plaintiff relinquished his claim against the bank

and its president without getting the security he had wanted in return, he suffered a tangible, quantifiable loss. Because all the elements of a claim with respect to the failure to obtain security existed on February 12, 1986, that cause of action arose on that date and, therefore, is subject to the pre-1986 six-year statute of limitations.

We must next determine when that cause of action accrued. Under the pre-1986 common law discovery rule, the plaintiff's cause of action accrued when he "discover[ed] or, in the exercise of reasonable diligence, should have discovered both the fact of his injury and the cause thereof." *Conrad,* 140 N.H. at 250-51, 665 A.2d at 374 (quotation omitted). The plaintiff disputes the trial court's finding that he knew of his injury at the time of settlement, arguing that the court "ignored the uncontested evidence on the record that Attorney Brennan took immediate steps to reassure Mr. Draper that no harm had in fact occurred." The steps the plaintiff cites, however, relate to confirming the bank's acceptance of the obligation to pay for the plaintiff's health insurance, not to the procurement of security therefor. We conclude that the plaintiff has failed to raise an issue of material fact as to when he knew of the defendants' failure to obtain security for the maintenance of the plaintiff's health insurance. Where the cause of action for this breach accrued on February 12, 1986, it was barred after February 12, 1992. As to this claim, we affirm the trial court's judgment that the plaintiff's writ was barred by the statute of limitations.

The second alleged breach is the defendants' failure to require that the bank cover the entire cost of the plaintiff's health insurance until he reached age sixty-five. This breach of duty also occurred on February 12, 1986. We agree with the plaintiff, however, that he had suffered no injury from that breach as of that date. "The possibility that injury may result from an act or omission is sufficient to give the quality of negligence to the act or omission; but possibility is insufficient to impose any liability or give rise to a cause of action. . . . [T]here is no cause of action unless and until there has been an injury." *White v. Schnoebelen,* 91 N.H. 273, 274, 18 A.2d 185, 186 (1941). Any ambiguity in the settlement agreement as to whether the bank had to provide free insurance to the plaintiff or merely pay the same portion of his premiums as it paid for its other employees was not an issue until the bank began requiring its employees to pay a portion of their premiums. *Cf. Dearborn Animal Clinic, P.A. v. Wilson,* 806 P.2d 997, 1003 (Kan. 1991) (where contract gave party option to purchase rather than requiring purchase, injury did not occur until party failed to exercise option).

The trial court found that this injury occurred in either 1988 or 1990, and in any event by February 15, 1991, the date of the superior court's order on the plaintiff's motion to enforce. The trial court found it unnecessary to determine which was the relevant date as each was more than three years prior to the plaintiff's writ. The plaintiff disputes the earliest date, arguing that the premium he was then told to pay was for dental benefits not included in the settlement agreement. He concedes, however, that the letter of November 1990 "[u]nquestionably . . . put [him] on notice of potential financial harm, the very harm that he had feared all along but which had up to that point been averted." Nevertheless, the plaintiff contends that he was still not harmed because there is no evidence that he actually paid the premium at that time and because Attorney Brennan immediately contested the bank's demand.

■ Like the trial court, we need not decide the exact date on which the plaintiff first suffered injury. A letter in the record from Attorney Brennan to the plaintiff, dated March 27, 1991, indicates that the plaintiff had been paying a portion of his insurance premiums prior to the date of decision on the motion to enforce. We therefore conclude that the plaintiff suffered harm, in the form of being required to pay for his insurance, before February 15, 1991. Although the plaintiff may not then have known the full extent of the damages he would sustain as a result of the defendants' breach, that some actual harm occurred is sufficient to bring his cause of action into existence. *See Rowe v. John Deere*, 130 N.H. 18, 21-23, 533 A.2d 375, 377-78 (1987). As his cause of action arose no earlier than 1988 and no later than February 15, 1991, the three-year statute of limitations applies.

We accept the plaintiff's contention that the inference most favorable to him to be drawn is that "through 1990, [the plaintiff] accepted Attorney Brennan's explanation that the requests for premium payments reflected the Bank's error or refusal to honor the settlement agreement, and not any negligence by Attorney Brennan in structuring the settlement." Under the discovery rule, the plaintiff's cause of action did not accrue, regardless of when it arose, *see Conrad*, 140 N.H. at 251, 665 A.2d at 375, until he "discover[ed], or in the exercise of reasonable diligence should have discovered, the injury *and its causal relationship to the act or omission complained of.*" RSA 508:4, I (emphasis added).

■ We conclude that even if the plaintiff justifiably believed through 1990 that the cause of his injury was the bank's refusal to

abide by the settlement agreement, he should have known as of February 15, 1991, the date of the trial court's order denying his motion to enforce, that his injury may actually have been caused by his attorney's failure to draft a settlement agreement providing him with free health insurance until age sixty-five. The plaintiff urges us to extend that date even further on the ground that Attorney Brennan's timely motion for reconsideration stayed the order's effect. Furthermore, the plaintiff argues, the order on his motion to reconsider, dated March 19, 1991, would itself not become final until the appeal period expired on April 18, 1991. Thus, the plaintiff maintains, the earliest date on which his cause of action could have accrued was April 18, 1991.

The plaintiff essentially contends that the statute of limitations is tolled until the appellate process is complete and the superior court's decision becomes final. Courts in other jurisdictions have come to differing conclusions on this issue. *Compare Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991) (holding that where "an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted") *with Zimmie v. Calfee, Halter and Griswold*, 538 N.E.2d 398, 402 (Ohio 1989) (rejecting tolling during appellate review).

■ We agree with the cases that recognize that "the focus of [the statute of limitations] is on *discovery* of the malpractice and actual injury, not success on appeal or proof of the total amount of monetary damages suffered by the former client." *Laird v. Blacker*, 828 P.2d 691, 695-96 (Cal.), *cert. denied*, 506 U.S. 1021 (1992). We conclude that the superior court's adverse decision on the plaintiff's motion to enforce should have alerted the plaintiff to a potential connection between his being compelled to pay for his insurance and his lawyer's alleged error in drafting the settlement agreement. *See Zimmie*, 538 N.E.2d at 402. Having accrued no later than February 15, 1991, the plaintiff's claim was barred after February 15, 1994. Because the plaintiff's action was not commenced until April 18, 1994, we affirm the trial court's order to the extent that it held the claim barred by the statute of limitations.

The third alleged breach occurred on April 18, 1991, when Attorney Brennan failed to file a timely appeal from the order on the motion to enforce. The plaintiff contends that even this date should be extended under the discovery rule. We need not decide, however, whether the plaintiff's cause of action for that breach arose or

accrued any later than that date, as his writ dated April 18, 1994, would be timely filed in any event. We reverse the trial court's order with respect to this claim and remand to determine whether this claim otherwise survives the defendants' motion for summary judgment.

*Affirmed in part; reversed in part; remanded.*

THAYER and BRODERICK, JJ., did not sit; the others concurred.