Rockingham
No. 99-078

JOHN PICHOWICZ & a.

v.

WATSON INSURANCE AGENCY, INC.

March 21, 2001

*Perkins, Phillips & Puckhaber, P.A.*, of Concord (*Roger B. Phillips* on the brief and orally), for the plaintiffs.

*Wiggin & Nourie, P.A.*, of Manchester (*Gary M. Burt* and *Ralph Suozzo* on the brief, and *Mr. Burt* orally), for the defendant.

DALIANIS, J. The plaintiffs, John Pichowicz and John Pichowicz, Jr., appeal from the Superior Court's (*Galway*, J.) order dismissing their negligence action against the defendant, Watson Insurance Agency, Inc., on the ground that it was barred by the applicable statute of limitations. We affirm.

We recite the facts as found by the superior court. The plaintiffs developed Westview Park Condominiums in Plaistow. At some point, the septic system failed because of faulty design and construction. As a result, in 1992, the Westview owners association sued the plaintiffs. The plaintiffs sought defense and indemnification under various insurance policies that the defendant had secured for them. In a series of letters dated from January 1993 through April 1993, all of the plaintiffs' insurers denied coverage. The plaintiffs began incurring legal fees on April 7, 1993.

As a result of the insurers' denial of coverage, the plaintiffs brought a declaratory judgment action against them. This action was resolved in favor of the insurers on September 7, 1995. The plaintiffs filed their negligence action against the defendant on February 6, 1998.

On appeal, the plaintiffs assert that their writ against the defendant was timely. We disagree.

To be timely, a negligence action must be brought within three years of when it arose. *See* RSA 508:4, I (1997); *cf. Conrad v. Hazen*, 140 N.H. 249, 251 (1995). "A cause of action arises once all the necessary elements are present." *Shaheen, Cappiello, Stein & Gordon v. Home Ins. Co.*, 143 N.H. 35, 40 (1998) (quotation and ellipsis omitted). A negligence action arises when "causal negligence is coupled with harm to the plaintiff." *Conrad*, 140 N.H. at 252.

In this case, the alleged negligence was the defendant's failure to procure insurance that would cover the plaintiffs in the underlying lawsuit. This alleged negligence first caused harm to the plaintiffs when they incurred legal fees in April 1993. The plaintiffs' writ, brought in February 1998, was thus untimely.

The plaintiffs assert that their writ is not time-barred because the "discovery rule" applies. Under the "discovery rule," if the harm and its causal relationship to the negligent act is not discovered or "could not reasonably have been discovered" when the action arose, the statute of limitations does not begin to run until the plaintiffs discover "or in the exercise of reasonable diligence should have discovered" this causal relationship. RSA 508:4, I. The plaintiffs bear the burden of proving that the discovery rule applies. *See Glines v. Bruk*, 140 N.H. 180, 181 (1995).

The plaintiffs argue that they did not discover, nor could they have reasonably discovered, that the defendant's negligence caused them harm until the superior court ruled on their declaratory judgment action against the insurers. They assert that "[o]nly [then] . . . could [they] know that all of the elements supporting a claim of negligence against the [defendant] were present, and that a cause of action against the [defendant] existed."

■ To the contrary, the plaintiffs should have discovered that there was a causal connection between their harm (incurring legal fees) and the defendant's alleged negligence (the failure to procure appropriate insurance) when the harm occurred. *See Johnson & Higgins of TX v. Kenneco Energy*, 962 S.W.2d 507, 514-15 (Tex. 1998). Knowledge of this causal connection is all that was required. *See Draper v. Brennan*, 142 N.H. 780, 786 (1998). The plaintiffs need not have been certain of it; the possibility that the causal connection existed sufficed. *See Glines*, 140 N.H. at 182. The "discovery rule" therefore does not apply, and the plaintiffs' writ was properly dismissed as time-barred.

The plaintiffs' remaining arguments lack merit and warrant no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

In light of our opinion, the defendant's motion for late entry of transcript is moot.

*Affirmed.*

BRODERICK and NADEAU, JJ., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.