458

Hillsborough–southern judicial district
No. 2000-521

CHRISTOPHER DOBE

v.

COMMISSIONER, NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN
SERVICES & a.

Argued: January 3, 2002
Opinion Issued: February 22, 2002

*Alan S. Greene* and *Denise F. Shore*, of Dover (*Mr. Greene* and *Ms. Shore* on the brief, and *Mr. Greene* orally), for the plaintiff.

*Philip T. McLaughlin*, attorney general (*Douglas N. Jones*, assistant attorney general, on the brief), for the State and defendant Debra (Schwartz) Stevens.

*Rath, Young, and Pignatelli, P.A.*, of Concord (*Michael A. Pignatelli* and *Rose Marie Joly* on the brief, and *Kenneth C. Bartholomew* orally), for defendant Slatoff & Ward P.A.

*Sulloway & Hollis, P.L.L.C.*, of Concord (*Edward M. Kaplan* on the brief and orally), for defendant Carol Drago.

DUGGAN, J. The plaintiff, Christopher Dobe, appeals the Superior Court's (*Hampsey*, J.) orders granting the defendants' motions to dismiss his claims on the ground that they were barred by the applicable statute of limitations. We affirm.

In March 1994, the plaintiff's wife, Sonia Dobe, reported to the New Hampshire Department of Health and Human Services (DHHS) that the plaintiff had sexually abused their three-year-old daughter. In April and May 1994, Carol Drago, a licensed social worker and employee of Slatoff and Ward, P.A. (Slatoff), conducted an evaluation of the daughter. Drago ultimately concluded that the daughter had possibly been sexually abused and recommended no unsupervised visitation with the plaintiff. Drago then began counseling sessions with the daughter. In a September 18, 1994 addendum to her evaluation of the daughter, Drago stated that she believed the plaintiff had engaged in genital fondling and genital and oral intercourse with his daughter.

In December 1994, after considering Drago's evaluation, the superior court limited the plaintiff's visitation rights. Initially, the court suspended visitation but later required that visitation be supervised.

Debra (Schwartz) Stevens, a DHHS employee, subsequently commenced an investigation into Sonia Dobe's allegations. On July 9, 1996, DHHS issued a notice stating that Sonia Dobe's report of child abuse was founded, notwithstanding the lack of any physical evidence that her daughter had been sexually abused.

In September 1996, a final hearing on the merits was held before a master regarding the divorce between the plaintiff and Sonia Dobe. The hearing primarily focused on whether the allegations of sexual abuse were true. The master recommended an award of joint legal custody and granted the plaintiff visitation rights referred to in the decree as residual physical custody of his daughter. In making this recommendation, the master explained that Drago's evaluation of the plaintiff's daughter "consisted of extremely leading questions to [her] relative to the purported abuse." The master also explained that pursuant to court orders, Dr. Keith Karstens conducted an evaluation of the sexual abuse allegations. Dr. Karstens had numerous criticisms of Drago's handling of the initial abuse investigation, including the lack of any investigation as to other potential perpetrators. Although Dr. Karstens could not definitively say that the plaintiff did not sexually abuse his daughter, he raised "a number of other plausible explanations including the possibility that her mother may have intentionally or unintentionally suggested the events to [her]."

The plaintiff appealed the initial DHHS finding to the DHHS Office of Program Support Administrative Hearings Division. After holding a hearing, DHHS issued a decision on March 31, 1997. The final decision

reversed the earlier finding that the report of plaintiff's sexual abuse of his daughter was founded.

On February 17, 2000, the plaintiff filed a writ against DHHS, Stevens, Slatoff and Drago alleging that Drago failed to properly conduct an evaluation into the alleged abuse, Stevens improperly relied upon Drago's evaluation and failed to conduct a proper investigation, and both Slatoff and DHHS failed to properly supervise their respective employees; as a result of the willful and intentional breach of the defendants' duty not to interfere with the plaintiff's parental rights, the plaintiff suffered damages. The writ also alleged that the defendants acted in reckless disregard of their duties and the plaintiff's rights, and requested an award of enhanced damages.

The defendants each moved to dismiss the allegations against them on the ground that the three-year statute of limitations barred the plaintiff's claims. The superior court granted each motion. In dismissing the case against Slatoff and Drago, the court held that Drago's evaluation caused a sufficiently serious injury to inform the plaintiff that a possible violation of his rights occurred. The court concluded that "the cause of action against Slatoff and Drago accrued when the plaintiff became aware of Drago's initial report. At the very latest, the plaintiff knew or should have known about the report by July 9, 1996, the date of the initial DHHS finding." Thus, the court determined that the plaintiff was required to bring his action no later than July 9, 1999, to comply with the three-year statute of limitations deadline. The court further held that the appeal of the initial DHHS finding did not toll the running of the statute of limitations under the doctrine of exhaustion of remedies because the plaintiff was not seeking to review an issue addressed by the final DHHS decision. DHHS and Stevens subsequently filed motions to dismiss on the same ground. After the court granted their motions, this appeal followed.

On appeal, the plaintiff asserts that his claims were not barred by the three-year statute of limitations because: (1) the discovery rule applies; (2) the administrative appeal of the July 1996 finding tolled the running of the statute of limitations; and (3) equitable tolling is appropriate in this case.

"The standard of review in considering a motion to dismiss is whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery." *Hobin v. Coldwell Banker Residential Affiliates*, 144 N.H. 626, 628 (2000) (quotation omitted). Although we assume the truth of the facts alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to the plaintiff, we will uphold the granting of the motion to dismiss if the facts pled do not constitute a basis for legal relief. *See id.; see also McCollum v. D'Arcy*, 138 N.H. 285, 288 (1994).

■ The plaintiff first asserts that the discovery rule is applicable because "the plaintiff could not have discovered, at the time of the July 9, 1996 finding of abuse, what act or omission of the defendants had caused his damages." RSA 508:4, I (1997) codifies the common law discovery rule by providing that all actions must be brought within three years of the act or omission complained of "except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission." Once a defendant has established that the statute of limitations would bar an action, the plaintiff has the burden of raising and proving that the discovery rule is applicable to an action that would otherwise be barred by the statute of limitations. *See Glines v. Bruk*, 140 N.H. 180, 181 (1995). In this case, the plaintiff has failed to sustain that burden.

■ The plaintiff argues that he could not have reasonably discovered that the defendants' negligence caused him harm until DHHS ruled on his appeal because until that time, "the plaintiff, it could be argued, should look to himself as being the cause of injury." Although the plaintiff concedes that he knew that "[he] was being continuously harmed," he contends that "until DHHS issued its final order the plaintiff could not make a causal connection between the defendants and his damages." The plaintiff, however, has failed to allege any facts supporting the claim that he was unable to reasonably discover the cause of his injuries until DHHS ruled on his appeal. By failing to allege any such facts, we must assume that the plaintiff should have discovered that there was a causal connection between his harm and the defendants' alleged negligence in July 1996, the date on which DHHS determined that, based upon Drago and Steven's report, the allegations of sexual abuse were founded. At this time, the plaintiff's injury was "sufficiently serious to apprise the plaintiff that a possible violation of his rights has taken place." *Conrad v. Hazen*, 140 N.H. 249, 251 (1995). Thus, the plaintiff should have been aware of the fact of some injury to himself (an adverse abuse finding) and the alleged cause of that injury (the failure of Drago and Stevens to properly investigate the allegations of sexual abuse and the failure of Slatoff and DHHS to properly supervise their employees). *See Pichowicz v. Watson Ins. Agency*, 146 N.H. 166, 168 (2001).

■■ The plaintiff next argues that the superior court erred by not tolling the statute of limitations period while his administrative appeal was pending. Generally, the statute of limitations period is "not tolled during a pending administrative proceeding unless that proceeding is a prerequisite

to pursuit of the civil action." *N.H. Div. of Human Services v. Allard,* 138 N.H. 604, 606 (1994). Because the plaintiff is not seeking to review an issue addressed by the final DHHS decision, the superior court concluded that the doctrine of exhaustion of administrative remedies was inapplicable. We agree. The final DHHS action was not a prerequisite to this civil lawsuit. The DHHS proceeding was initiated to determine whether the plaintiff sexually abused his child, not to determine whether Drago's evaluation was negligent. Because the plaintiff's suit does not seek review of any issue addressed by DHHS's final action, the plaintiff was not required to await final agency action in the DHHS proceeding before bringing suit.

Lastly, the plaintiff urges this court to adopt the doctrine of equitable tolling. As this argument was not raised below, we will not entertain it on appeal. *See Holyoke Mutual Ins. Co. v. Carr,* 130 N.H. 698, 699 (1988).

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.