Therrien v. Sullivan                    CV-04-031-JM  07/02/04  P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Robert Therrien

    v.                                      Civil No. 04-031-JM
                                           Opinion No. 2004 DNH 101
Mark F. Sullivan, Esquire


**O R D E R**


Defendant moved to dismiss plaintiff's complaint.  Document no. 3.  By agreement, plaintiff filed an amended complaint deleting the § 1983 count.  Document no. 6.  Defendant renews its motion to dismiss for failure to state a claim as to the legal malpractice claim and on the basis of the statute of limitations.

Standard of Review

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court takes the facts alleged in the complaint as true and determines whether "relief could be granted under any set of facts that could be proved consistent with the allegations."  Lalonde v. Textron, Inc., 369 F.3d 1, 6 (1st Cir. 2004) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).  Although the standard used is liberal, the First Circuit has noted that "Rule 12(b)(6) is not entirely a toothless tiger."  Dartmouth Review v. Dartmouth

College, 889 F.2d 13, 16 (1st Cir. 1989). To survive a motion to dismiss, the complaint must at least "set forth minimal facts as to who did what to whom, when, where, and why--although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). The court eschews "any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." Id. (quoting Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987)).

Background

Plaintiff was charged with one count of aggravated felonious sexual assault in 1996. Defendant was his defense attorney. Plaintiff was convicted in March of 1997 and, after serving five years in jail, was granted a new trial on March 7, 2002 because of ineffective assistance of counsel. The state did not reprosecute the case. Plaintiff brought this lawsuit on January 28, 2004. Plaintiff alleges that defendant represented that he had the necessary training, ability and competence in the area of criminal defense to represent plaintiff. Plaintiff further alleges that defendant:

     1.   failed to make a complete and sufficient

2

investigation;

    2.    failed to research and keep informed of applicable law;

    3.    failed to make necessary and appropriate objections at trial;

    4.    failed to file appropriate evidentiary motions _in limine_;

    5.    failed to preserve issues for appeal;

    6.    failed to request necessary jury instructions; and

    7.    otherwise provided constitutionally deficient representation.

These failures of his duty of care, plaintiff alleges, led to plaintiff's conviction (and imprisonment) which was ultimately set aside.  Plaintiff maintains that he is innocent of the crime charged.

Discussion

### 1.  Failure to State a Claim

The elements of a cause of action for legal malpractice in New Hampshire in a criminal case are:

> . . . (1) an attorney-client relationship, which triggers a duty on the attorney to exercise reasonable care, skill, and knowledge in providing legal services to that

3

client, (2) a breach of that duty, . . . (3) resultant harm legally caused by the breach . . . and (4) . . ., by a preponderance of the evidence, (proof of) actual innocence.

Mahoney v. Shaheen, Cappiello, Stein & Gordon, Pa., 143 N.H. 491, 495-496 (1999).

Plaintiff has clearly and sufficiently set forth that he and defendant had an attorney-client relationship. Complaint ¶ 5. Plaintiff has not only stated that he was innocent (Compl. ¶ 9) but has alleged that "the case was resolved in . . . (his) favor . . ." from which innocence may be inferred. Therefore, the first and fourth elements are readily shown to be sufficiently alleged. The third element is even more readily seen. The harm caused was (a) a wrongful conviction, (b) a sentence of incarceration, (c) imprisonment, (d) attorney's fees, (e) emotional distress, (f) psychological trauma and (g) unspecified financial losses. Finally, the breach of duty of care is sufficiently factually alleged in seven respects as set forth above. While the amended complaint sets forth only minimal facts as to some elements it is sufficient to state a claim upon which relief may be granted.[1]

---

[1]Defendant makes much of plaintiff's erroneous claim of res judicata. The inclusion of that claim is not a basis for dismissal.

4

## 2. Statute of Limitations

New Hampshire's statute of limitations for personal actions is three years. N.H. RSA 508:4I. This statute applies to legal malpractice cases. Furbush v. McKittrick, 149 N.H. 426, 430 (2003). An action "must be brought within three years of when it arose." Pichowicz v. Watson Ins. Agency, 146 N.H. 166, 167 (2001). It arises when all the elements of the cause of action are present. Id.

It is clear that the following elements of plaintiff's malpractice claim occurred on or about the time of the March 1997 conviction:

1. attorney-client relationship existed;

2. a duty of due care existed;

3. the alleged breaches occurred; and

4. harm had resulted.

Whether the statute of limitations bars this action turns on when the "actual innocence" element of plaintiff's malpractice claim was established.

The New Hampshire Supreme Court has not ruled on the question of whether an existing conviction precludes a legal malpractice claim in a criminal case. It is clear that the court

5

did not join the line of cases that require the plaintiff to demonstrate "exoneration," but that does not mean that an existing conviction is not a bar to a legal malpractice claim in an "actual innocence" jurisdiction. Even in jurisdictions which do not require exoneration, the doctrine of collateral estoppel prevents a legal malpractice claim from accruing until the conviction is at least vacated. The Seventh Circuit, for example, found that under Illinois law legal malpractice in a criminal case requires proof of actual innocence. Levine v. Kling, 123 F.3d 580, 582 (7th Cir. 1997); Woidtke v. St. Clair County, Illinois, 335 F.3d 558, 562 (7th Cir. 2003). As the court made clear:

> It is the existence of an outstanding conviction, not the absence of a subsequent acquittal, that prevented the plaintiff from maintaining that is actually innocent.

Id. Woidtke, 335 F.3d at 565. Therefore, a plaintiff in a malpractice case arising from a criminal conviction is collaterally estopped from demonstrating actual innocence because of the existence of an outstanding conviction.

Collateral estoppel applies under New Hampshire law where the following elements are established:

> the issue subject to estoppel must be

6

> identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared in the first action, or have been in privity with someone who did so.

Simpson v. Calivas, 139 N.H. 1, 7 (1994).  Here, the guilt (innocence) issue is the same.  The plaintiff's conviction was on the merits and he appeared in the first action.  Under New Hampshire's clearly established collateral estoppel doctrine, plaintiff was barred from maintaining his actual innocence in this legal malpractice suit until his conviction was set aside by the grant of a new trial.  He has not been exonerated, but the impediment to this suit was removed and the last of the element of his malpractice claim, actual innocence, was present.  The statute of limitations did not begin to run until plaintiff was granted a new trial on March 7, 2002.  Accordingly, this lawsuit, filed on January 28, 2004, was brought within the three-year statute of limitations.

The motions to dismiss (document nos. 3 and 7) are denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 2, 2004

7

cc:     Richard Bell, Esq.
        Sven D. Wiberg, Esq.