# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0549, <u>Ed's Carpet, Tile, and Hardwood, Inc. v. Marshall Law Office</u>, the court on February 11, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Ed's Carpet, Tile, and Hardwood, Inc., appeals an order of the Superior Court (<u>Delker</u>, J.) dismissing its legal malpractice action against the defendant, Marshall Law Office. The case arises out of the defendant's unsuccessful defense of certain breach of warranty claims asserted against the plaintiff at a November 2011 civil jury trial. The trial court ruled that the case, filed in February 2015, was barred under the statute of limitations. <u>See</u> RSA 508:4 (2010). On appeal, the plaintiff argues that: (1) based upon the standard of review governing motions to dismiss, it could not reasonably have discovered the defendant's allegedly negligent acts or their causal connection to the November 2011 jury verdict until March 2012, when the trial court issued an order denying post-trial motions to set the underlying verdict aside and for a new trial; (2) it was entitled to an evidentiary hearing on whether it reasonably should have discovered the allegedly negligent acts or their causal connection to the adverse jury verdict prior to March 2012; and (3) we should adopt "some variation of the continuing representation doctrine" to toll the operation of RSA 508:4 in this case until after the attorney-client relationship terminated.

In reviewing an order granting a motion to dismiss, we assume the well-pleaded factual allegations in the plaintiff's pleadings to be true, and construe all reasonable inferences from those facts in the light most favorable to the plaintiff. <u>Beane v. Dana S. Beane & Co.</u>, 160 N.H. 708, 711 (2010). We also consider facts established by documents attached to the pleadings, documents the authenticity of which the parties do not dispute, official public records, or documents referred to in the complaint. <u>See</u> <u>id</u>. We do not, however, credit allegations that are not well-pleaded, "including the statement of conclusions of fact and principles of law." <u>Snierson v. Scruton</u>, 145 N.H. 73, 76 (2000) (quotation omitted). Dismissal is appropriate if the well-pleaded facts do not constitute a basis for legal relief. <u>Beane</u>, 160 N.H. at 711.

RSA 508:4 provides:

> Except as otherwise provided by law, all personal actions . . . may
> be brought only within 3 years of the act or omission complained
> of, except that when the injury and its causal relationship to the
> act or omission were not discovered and could not reasonably have
> been discovered at the time of the act or omission, the action shall
> be commenced within 3 years of the time the plaintiff discovers, or
> in the exercise of reasonable diligence should have discovered, the
> injury and its causal relationship to the act or omission
> complained of.

RSA 508:4, I. To be timely under RSA 508:4, a negligence claim generally must be brought within three years of when it arose, that is, "when causal negligence is coupled with harm to the plaintiff." Pichowicz v. Watson Ins. Agency, 146 N.H. 166, 167 (2001) (quotation omitted); see also Draper v. Brennan, 142 N.H. 780, 783-84 (1998). Under the "discovery rule," however, the limitations period is tolled until the plaintiff discovers, or reasonably should have discovered, both the injury and its causal connection to the allegedly negligent or wrongful act. Beane, 160 N.H. at 713. "[A] plaintiff need not be certain of this causal connection; the possibility that it existed will suffice to obviate the protections of the discovery rule." Id. (quotation omitted).

The defendant bears the initial burden to establish that the action was not brought within three years of the challenged act or omission. See id. at 712. Once the defendant has satisfied this burden, the burden shifts to the plaintiff to establish that the discovery rule applies. Id. at 713. Thus, although application of the discovery rule presents a question of fact, see Black Bear Lodge v. Trillium Corp., 136 N.H. 635, 638 (1993), the trial court may properly decide the issue on a dispositive motion if the plaintiff fails to plead facts supporting application of the discovery rule to a particular case, see Beane, 160 N.H. at 711-12 (rejecting argument that evidentiary hearing was required to resolve motion to dismiss raising discovery rule issue); Dobe v. Comm'r, N.H. Dep't of Health & Human Services, 147 N.H. 458, 461 (2002) (in affirming dismissal of negligence claim, rejecting discovery rule argument because the plaintiff failed to allege any facts supporting it).

In this case, the trial court concluded that the plaintiff's legal malpractice claim arose in November 2011, when the jury rendered an adverse verdict in the underlying case, and that the plaintiff reasonably should have discovered its injury and the possibility that it was causally connected to the alleged malpractice at that time. In its brief, the plaintiff does not challenge the trial court's rulings that it suffered legal injury for purposes of RSA 508:4 when the jury rendered its verdict, and that it was then aware of its injury. Instead, it argues that it did not discover, and reasonably should not have discovered, its attorney's allegedly negligent acts or omissions or the causal connection

2

between those acts or omissions and the adverse verdict until March 2012, when it received a narrative order denying post-trial motions for a new trial and to set the verdict aside. We note that the plaintiff has not provided a copy of the 2012 order on appeal. Nor has it provided the pleadings submitted by the parties in connection with the motion to dismiss.

As the appealing party, the plaintiff has the burden of providing so much of the record as is necessary to decide the issues it is raising, and to demonstrate that it raised those issues in the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). It is likewise the plaintiff's burden to demonstrate reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order granting the motion to dismiss, the plaintiff's challenges to that order, the relevant law, and the portions of the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**

3