# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0649, <u>The Travelers Indemnity Company v. Construction Services of New Hampshire, LLC</u>, the court on November 29, 2017, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Construction Services of New Hampshire, LLC (Construction Services), appeals an order of the Superior Court (<u>Anderson</u>, J.) denying its summary judgment motion. On appeal, Construction Services argues that the trial court erred when it determined that the three-year statute of limitations for the civil complaint filed against Construction Services by the plaintiff, The Travelers Indemnity Company (Travelers), was tolled while a New Hampshire Department of Labor (DOL) proceeding was pending. <u>See</u> RSA 508:4 (2010). We affirm in part, reverse in part, and remand.

The trial court found, or the record reveals, the following facts. Construction Services is a limited liability corporation that engages subcontractors to do repairs following an insured fire-, wind- or flood-damage claim. Insurance carriers refer work to Construction Services and Construction Services then puts the work out for bid and engages subcontractors to do the work. Construction Services employs a laborer, a project manager/supervisor, and an office staff person.

Travelers issued a workers' compensation policy to Construction Services for the period running from November 17, 2008, through November 17, 2009. Following a December 2009 audit of Construction Services's payroll records, Travelers notified Construction Services that Construction Services owed an additional premium for the 2008-2009 policy year because the audit had revealed that four of Construction Services's subcontractors are actually employees. In March 2010, Construction Services notified Travelers that it disputed the audit results, asserting that the four subcontractors at issue "are New Hampshire State registered businesses performing subcontracted work" for Construction Services, and are not employees.

Thereafter, Construction Services requested the DOL to resolve the dispute. <u>See</u> RSA 281-A:43, III (2010). According to the trial court, at some point in 2010, the DOL determined that it lacked jurisdiction over three of the four subcontractors. The DOL's jurisdictional decision has not been provided as part of the appellate record.

The DOL proceedings, thus, focused solely upon the fourth subcontractor, John Summers d/b/a Spyder Structures (Summers).  The additional premium for this single individual was $19,584.00.  The sole issue before the DOL was whether Summers is an employee or an independent contractor for the purposes of determining whether Construction Services owed Travelers the additional premium.  See id.

In December 2010, following a hearing, the DOL determined that Summers is a Construction Services employee and that Construction Services, therefore, owed Travelers the additional premium of $19,584.00.  Construction Services unsuccessfully appealed that determination to the superior court.  In March 2013, the superior court upheld the DOL's determination.  The superior court's March 2013 decision was not appealed to this court.

In June 2015, Travelers filed the instant lawsuit seeking payment of the entire additional premium billed for the 2008-2009 policy year.  The lawsuit alleged that, as a result of the DOL's 2010 decision, which the superior court upheld in March 2013, "the issues raised by Construction Services" relating to whether the subcontractors are independent contractors or employees "have now been fully and finally resolved," but "Construction Services has failed, neglected and refused to pay the balance due."

Construction Services moved for summary judgment, apparently arguing that Travelers's lawsuit was untimely because it was filed more than three years after Travelers's 2010 demand for the additional premium.  See RSA 508:4 (setting forth a three-year statute of limitations for personal actions).  Construction Services's summary judgment motion and most of Travelers's opposition thereto have not been provided as part of the appellate record.

The trial court denied Construction Services's summary judgment motion, ruling that Travelers's lawsuit was timely because it was filed within three years of the superior court's 2013 order upholding the DOL's determination in the Summers matter.  The trial court stated that, because of the doctrine of administrative tolling, the statute of limitations was tolled as to the Summers claim and to the claims related to the three other contractors while the Summers proceeding was pending both in the DOL and the superior court.

The trial court relied upon equitable considerations in making this determination.  It ruled that tolling was proper because:  (1) the "DOL has expertise in the subject matter of this case [—] the employment status of certain disputed subcontractors"; (2) "[u]nder the doctrine of primary jurisdiction, this Court would have deferred to DOL had Travelers brought suit during either the administrative proceeding or the appeal to this Court"; and (3) Construction Services "was certainly aware of the entire dispute in 2010, satisfying the primary goal behind the statute of limitations."  See N.H. Div. of

Human Serv. v. Allard, 138 N.H. 604, 607 (1994) (explaining that, "[b]ecause tolling of the limitations period" in Allard was "based on the exercise of our equitable power, we . . . look[ed] to practical concerns," such as whether "the main purpose of the statute of limitations . . . [was] frustrated by tolling").

The court rejected Construction Services's argument "that[,] even if Travelers was justified in delaying suit on Summers, its claims as to the other three contractors should not be tolled as [the] DOL determined in 2010 that it lacked jurisdiction over those individuals/entities," because the court found that the dispute between the parties concerned "a single increase in premium." Construction Services unsuccessfully moved for reconsideration.

Thereafter, the parties entered into a contingent settlement agreement in which they agreed to a judgment amount. The stated purpose of their agreement was to preserve Construction Services's right to appeal the trial court's denial of its summary judgment motion. The trial court entered the parties' agreement as a court order. Construction Services subsequently filed the instant appeal.

In reviewing the denial of a motion for summary judgment, we draw all inferences from the facts in the light most favorable to the nonmoving party. Goss v. City of Manchester, 140 N.H. 449, 450 (1995). If no genuine issue of material fact exists, a motion for summary judgment may be granted, and the moving party is entitled to judgment as a matter of law. See id. at 450-51. We review the trial court's application of law to the facts de novo. Rivera v. Liberty Mut. Fire Ins. Co., 163 N.H. 603, 606 (2012).

"Although we apply our traditional summary judgment standard of review to the legal issues and to the determination of whether a genuine issue of material fact exists, we review the trial court's decision to grant equitable relief" — in the form of tolling the statute of limitations — "for an unsustainable exercise of discretion." Conant v. O'Meara, 167 N.H. 644, 648-49 (2015). Although awarding equitable relief is within the authority of the trial court, that "discretion must be exercised, not in opposition to, but in accordance with, established principles of law." Clapp v. Goffstown School Dist., 159 N.H. 206, 210 (2009) (quotation omitted).

The general rule "is that the limitations period is not tolled during a pending administrative proceeding unless that proceeding is a prerequisite to pursuit of the civil action" at issue. Allard, 138 N.H. at 606. An administrative proceeding "is a definitional prerequisite" to a superior court proceeding when an agency has exclusive jurisdiction over a question. Id. The administrative proceeding may be deemed a prerequisite to the court proceeding when the agency and the superior court share jurisdiction over the question if the "primary jurisdiction doctrine" and the general requirement that parties exhaust administrative remedies apply. See id. at 606-07. The primary

3

jurisdiction doctrine provides that "a court will refrain from exercising its concurrent jurisdiction to decide a question until it has first been decided by a specialized agency that also has jurisdiction to decide it." Id. at 607 (quotation omitted).

The trial court in this case applied administrative tolling because it viewed the dispute between Travelers and Construction Services as involving a single, increased premium. However, we agree with Construction Services that, once the DOL determined that it lacked jurisdiction to decide whether the subcontractors other than Summers are independent contractors or employees, the dispute between the parties became divisible. No longer was the dispute about a single, increased premium. Rather, following the DOL's jurisdictional decision, the parties had at least two separate disputes, one involving Summers and the $19,584.00 additional premium associated with him, and one involving the three other subcontractors and the additional premium associated with them. We note that Travelers conceded at oral argument that the outcome of the Summers matter — whether the superior court upheld the DOL's decision or not — was immaterial to the calculation of the additional premium associated with the three other contractors.

With this understanding of the parties' dispute, we first address the timeliness of Travelers's lawsuit as it relates to Summers. Construction Services concedes that the applicable statute of limitations was tolled while the Summers claim was before the DOL. However, Construction Services contends that the tolling period ended once the DOL determined in 2010 that Summers is an employee. Construction Services argues that the statute of limitations was not tolled while its appeal of the DOL decision was pending because it "was not entitled to a de novo hearing" in the superior court. Thus, Construction Services asserts, administrative tolling does not render timely Travelers's 2015 lawsuit as to Summers.

We have not previously decided whether, for the purposes of the administrative tolling doctrine, an administrative matter is deemed "pending" while on appeal to the superior court. Cf. Dobe v. Comm'r, N.H. Dep't of Health & Human Services, 147 N.H. 458, 460, 461-62 (2002) (upholding superior court's decision not to toll the statute of limitations while the plaintiff appealed the decision of an agency employee to an agency tribunal because that appeal was not a prerequisite to the plaintiff's claim that the agency employee was negligent); Burnett v. New York Central R. Co., 380 U.S. 424, 434-35 (1965) (holding that a federal statute of limitations period was tolled while a related state lawsuit was pending, including the time for filing an appeal or the decision on appeal); Okoro v. City of Oakland, 48 Cal. Rptr. 3d 260, 264-65 (Ct. App. 2006) (holding that, for purposes of a federal statute that tolls state statutes of limitations while a state claim is pending in federal court and for 30 days after it is dismissed, a matter remains "pending" in the federal court system through an appeal afforded as a matter of right). Nor need we decide

this broad question in the instant case given the limited nature of Construction Services's appellate argument. Construction Services's argument is premised upon the assumption that an administrative matter is deemed "pending" while on appeal to the superior court only if the appeal involves a de novo hearing. We confine our review to the limited argument that Construction Services makes in this appeal.

Construction Services offers no support for its contention that the administrative tolling period includes an appeal of an agency decision only if the appellant is entitled to a de novo hearing on appeal, and we are not aware of any direct or analogous support for this contention in this or any other jurisdiction. Both of the cases upon which Construction Services relies concern when a legal malpractice claim begins to accrue for purposes of applying the discovery rule; neither case involves the administrative tolling doctrine. As the appealing party, Construction Services has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's decision, Construction Services's challenges to it, and the relevant law, we conclude that Construction Services has not demonstrated reversible error with respect to the trial court's determination that Travelers's lawsuit related to Summers was timely filed. See id.

We next address whether Travelers's lawsuit as it relates to the three other subcontractors was timely filed. The DOL determined, in 2010, that it lacked jurisdiction to decide the parties' dispute as it related to those subcontractors. Once the DOL made that determination, it had jurisdiction to decide only whether Summers is an independent contractor or an employee and, therefore, whether the part of the additional premium attributable to Summers was valid. After the DOL made its 2010 jurisdictional decision, which was not appealed, there was no administrative proceeding involving the three other subcontractors, and, thus, there could not be any further administrative tolling of the applicable statute of limitations for Travelers's claims related to them. Accordingly, the trial court erred when it relied upon the doctrine of administrative tolling to find that Travelers's 2015 lawsuit, as it related to the subcontractors other than Summers, was timely.

Affirmed in part; reversed in part; and remanded.

DALIANIS, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

**Eileen Fox,**
**Clerk**

5