Carroll
No. 99-819

JAMES AND JOAN COYLE

v.

WILLIAM BATTLES, ESQ. & a.

October 12, 2001

*Wyatt & Theroux, P.C.,* of Wolfeboro (*William A. Theroux, Jr.* on the brief and orally), for the plaintiffs.

*Schroeder, McLetchie & Clough,* of Ossipee (*Erland C. L. McLetchie* on the brief and orally), for the defendants.

DALIANIS, J. The plaintiffs, James and Joan Coyle, appeal from orders of the Superior Court (*O'Neill,* J.): (1) dismissing their declaratory judgment action and negligence claims; and (2) granting summary judgment to the defendants, William Battles and H. Edward McBurney, upon the plaintiffs' breach of contract and unjust enrichment claims. We affirm.

The following undisputed facts either appear in the record or were found by the trial court. The defendants represented the plaintiffs in a

1994 foreclosure action and later in a bankruptcy proceeding. The bankruptcy proceeding settled in April 1995.

The defendants billed the plaintiffs on a monthly basis. The plaintiffs paid the defendants for work performed through February 1995. In February 1995, they complained to the defendants that the fees charged through January 1995 were excessive. At some point, the plaintiffs retained lawyers who wrote to the defendants on May 1, 1995, demanding, on the plaintiffs' behalf, "a 100% credit on all unpaid work which is currently outstanding . . . as well as a refund of at least one-half of all fees paid to your firm to date." In their letter, the new attorneys also threatened to sue the defendants and instructed them not to contact the plaintiffs with respect to the fee dispute.

In a second letter dated May 12, 1995, the new attorneys stated that they had assisted the plaintiffs in completing the paper work associated with the settlement of the bankruptcy claim, and requested, on the plaintiffs' behalf, that the defendants "do no further work" on the matter. The new attorneys wrote again on June 1, 1995, informing the defendants that the plaintiffs "wish for your office to file formal withdrawals from the [bankruptcy] matter."

The last charges for which the defendants billed the plaintiffs were incurred on June 12, 1995, for reviewing an order from the bankruptcy court confirming the debtor's Chapter 11 plan and forwarding it to the plaintiffs, and on June 14, 1995, for corresponding with the plaintiffs' new attorneys regarding the local rules governing withdrawing from a bankruptcy matter. The last bill that the plaintiffs paid was in February 1995 for services rendered through January 1995.

The plaintiffs filed their petition for declaratory judgment and unjust enrichment and actions at law for breach of contract and professional malpractice on June 12, 1998. Their unjust enrichment and breach of contract actions were based upon the allegedly excessive fees that the defendants had charged and collected. The defendants moved to dismiss the declaratory judgment petition and the malpractice claim, which the court granted. The defendants then moved for summary judgment on the ground that the plaintiffs' remaining claims were barred by the applicable statute of limitations. The plaintiffs responded that their claims did not accrue "until the Defendants stopped representing them." They asserted that there was a factual dispute regarding when this occurred. The court assumed, *arguendo*, that the statute of limitations did not begin to run until the relationship terminated and found that it ended on May 12, 1995, when the plaintiffs' new attorneys demanded that the defendants cease doing any additional work upon the bankruptcy proceeding. Accordingly,

the court ruled that the plaintiffs' breach of contract claim and unjust enrichment claims were untimely. This appeal followed.

## I

We first address the trial court's dismissal of the plaintiffs' declaratory judgment action. "We review motions to dismiss to determine if the ... allegations are reasonably susceptible of a construction that would permit recovery." *Langlois v Pomerleau*, 143 N.H. 456, 460 (1999) (quotation omitted). We assume the truth of all well-pleaded facts alleged by the plaintiffs, construing all inferences in the light most favorable to them. *See Bohan v. Ritzo*, 141 N.H. 210, 213 (1996). On appeal, the plaintiffs have the burden to demonstrate error and must provide an adequate record for our review. *See Hudon v. City of Manchester*, 141 N.H. 420, 422 (1996).

The plaintiffs sought a declaration that: (1) the amount they had already paid the defendants was excessive, and therefore should be rebated; and (2) the balance claimed by the defendants was neither collectable nor enforceable. The trial court found that these factual issues were identical to those in the breach of contract action, and therefore dismissed the declaratory judgment action because it provided no additional remedy to the plaintiffs. We agree. *See Asmussen v. Comm'r, N.H. Dep't. of Safety*, 145 N.H. 578, 590, (2000).

## II

We next address the trial court's grant of summary judgment upon the plaintiffs' breach of contract claim. We will affirm a trial court's grant of summary judgment if, considering the evidence and all inferences properly drawn therefrom in the light most favorable to the non-movant, "our review of that evidence discloses no genuine issue of material fact, and ... the moving party is entitled to judgment as a matter of law." *Iannelli v. Burger King Corp.*, 145 N.H. 190, 193 (2000). We review the trial court's application of the law to the facts *de novo*. *See id.*

To be timely, a contract claim must be brought within three years of when it arose. *See* RSA 508:4, I (1997). "[A] cause of action ... arises once all the necessary elements are present. . . . In the case of a contract action, it would be when the breach occurs." *Bronstein v. GZA GeoEnvironmental*, 140 N.H. 253, 255 (1995) (quotation and citation omitted). In this case, the alleged breach occurred when the defendants overcharged the plaintiffs. The injury from this breach occurred when the plaintiffs paid the allegedly excessive fees, which was January 1995 at the latest. *Cf. Pichowicz v. Watson Ins. Agency*, 146 N.H. 166, 167 (2001) (harm from negligence claim regarding failure of insurance agency to

procure insurance occurred when plaintiffs incurred legal fees). The plaintiffs' June 12, 1998 contract claim was thus untimely.

The plaintiffs argue that the "discovery" rule should apply to their breach of contract claim. Under the "discovery rule," if the injury and its causal relationship to the act or omission complained of is not discovered or "could not reasonably have been discovered" when the action arose, the statute of limitations does not begin to run until the plaintiffs discover "or in the exercise of reasonable diligence should have discovered" this causal relationship. RSA 508:4, I.

■ While we have previously held that the "discovery rule" applies to contract claims, *see Black Bear Lodge v. Trillium Corp.*, 136 N.H. 635, 638 (1993), it does not apply here. The evidence shows that the plaintiffs knew of the defendants' alleged breach of the fee agreement, and that this breach had caused them appreciable harm, by May 1995 at the latest. In February 1995, the plaintiffs complained about excessive fees charged through January 1995. By May 1995, they had retained separate counsel who, on their behalf, demanded a refund and threatened to sue the defendants to recover the excessive fees.

The plaintiffs next urge the court to adopt the "continuing representation" rule and apply it to their breach of contract claim. Under this rule, a client's cause of action against his attorney does not accrue until the attorney ceases representing the client. The rule "recognizes that a person seeking professional assistance has a right to repose confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered." *Greene v. Greene*, 436 N.E.2d 496, 500 (N.Y. 1982).

■ We have not previously addressed the "continuing representation" rule, and decline to adopt it in this case. The facts of this case do not raise "[t]he innocent reliance which the continu[ing] representation doctrine seeks to protect." *Cantu v. St. Paul Companies*, 514 N.E.2d 666, 669 (Mass. 1987) (legal malpractice claim). The plaintiffs not only "question[ed] and assess[ed]" the defendants' billing practices, but found them lacking. They clearly demonstrated their lack of confidence in the defendants when they retained separate counsel and threatened to sue the defendants to recover the excessive fees.

The plaintiffs next argue that summary judgment was inappropriate because there was a genuine issue of fact regarding when the applicable statute of limitations began to run. We disagree.

The parties did not dispute any of the material facts; they disputed their legal significance. For instance, there was no dispute that on May 12, 1995, the plaintiffs' new attorneys demanded that the defendants cease representing the plaintiffs in the bankruptcy proceeding. Nor was there any dispute that the defendants billed the plaintiffs in July 1995 for services rendered in June 1995. The dispute centered upon which of these events terminated the attorney-client relationship between the plaintiffs and the defendants. The application of the law concerning the termination of an attorney-client relationship to a given set of facts is a question of law and is appropriate for summary judgment. *Cf. Farm Family Mut. Ins. Co. v. Peck*, 143 N.H. 603, 605 (1999) (application of collateral estoppel to a given set of facts is a question of law).

The plaintiffs' final argument is that, when ruling upon the defendants' summary judgment motion, the trial court erroneously failed to take their allegations as true and construe all reasonable inferences in their favor. This argument lacks merit and warrants no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

In light of our ruling that the plaintiffs' breach of contract claim was time-barred, we do not separately address the grant of summary judgment upon the plaintiffs' unjust enrichment claim or the dismissal of the plaintiffs' malpractice action; these claims were governed by the same statute of limitations as the breach of contract claim and, for the reasons discussed above, were untimely. *See* RSA 508:4, I; *Draper v. Brennan*, 142 N.H. 780, 783-87 (1998).

*Affirmed.*

BROCK, C.J., and NADEAU and DUGGAN, JJ., concurred.