# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0671, <u>Christopher Nastasi v. Ronald Brown & a.</u>, the court on July 23, 2015, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Ronald Brown, Sweethill Investments, LLC, and Ronald Brown Investments, LLC, appeal the order of the Superior Court (<u>Anderson</u>, J.) after a bench trial awarding a judgment to the plaintiff, Christopher Nastasi d/b/a CN Building Movers, on his claims for breach of contract and conversion. The defendants argue that the trial court erred in failing to conclude that the plaintiff's claims were barred by the statute of limitations. The statute of limitations is an affirmative defense, and the defendants bear the burden of proving that it applies to the plaintiff's claims. <u>Glines v. Bruk</u>, 140 N.H. 180, 181 (1995).

The defendants first argue that the plaintiff's breach of contract claim was time-barred. To be timely, a contract claim must be brought within three years of when the breach occurs. <u>Coyle v. Battles</u>, 147 N.H. 98, 100 (2001); RSA 508:4, I (2010). The record shows that the defendants entered into a contract with the plaintiff on or about October 18, 2006, the date of the plaintiff's letter setting forth the terms of the agreement, in which the plaintiff agreed to move the defendants' house to a new location for $13,000. The contract provided that payment of $5,000 would be due when the house was removed from its existing foundation; a second $5,000 payment would be due when the house was on wheels; and a $3,000 payment would be due when the house was lowered onto temporary supports at the new location.

The contract also provided that the defendants had thirty days following completion of the work in which to have all necessary work done to allow the plaintiff to remove his equipment, which consisted of steel beams and wooden cribs providing temporary support for the structure. The contract next provides, "If we are unable to remove our equipment at the end of this 30-day period, we shall be obliged to impose a charge of $45.00 per day thereafter for which our equipment must remain on the site."

There is no dispute that the plaintiff moved the house in October, 2006, and that the thirty-day period ended on or about November 15, 2006. The plaintiff was not able to remove his equipment after that date because there were no replacement supports in place. In July 2007, the plaintiff started sending invoices to the defendant regularly for the $45 per day rental charge for his equipment. On January 11, 2008, the plaintiff's attorney sent the defendants a letter demanding payment "for the balance of the contract price, which now totals $17,730.00, and the return of the equipment supporting the structure." When no response was received, the plaintiff continued sending the defendants invoices for the still-accruing $45 per day rental charge. On June 25, 2011, the house was destroyed by fire. The plaintiff testified that his wooden cribs were destroyed, and his steel beams were damaged beyond repair. On July 18, 2013, the plaintiff filed suit against the defendants for breach of contract, conversion, and other causes of action. The defendants raised the statute of limitations as an affirmative defense.

After a bench trial, the trial court ruled that the three-year statute of limitations in RSA 508:4 (2010) barred claims that arose prior to July 18, 2010, the date three years prior to the date on which suit was filed. The court also ruled, however, that claims for rental payments from July 18, 2010 through the date of the fire were timely because the claims did not arise until each day's rent became due. See Coyle, 147 N.H. at 100 (claim arises when breach occurs); General Theraphysical, Inc. v. Dupuis, 118 N.H. 277, 279 (1978) (statute of limitations does not begin to run on an installment until it becomes due). On appeal, the defendants do not argue that the trial court erred in ruling that the claims for rental payments did not arise until each day's rent became due. Instead, the defendants argue that the statute of limitations started to run on January 11, 2008, the date of the attorney's demand letter, because the letter showed that the plaintiff knew by that date that he had been injured by the defendants' conduct. See Wood v. Greaves, 152 N.H. 228, 232 (2005) (declining to apply discovery rule where record showed that plaintiffs should have known more than three years before suit was filed that defendant proximately caused their injuries).

We conclude that the defendants' argument does not address the trial court's reasoning. The plaintiff did not assert that he was unaware that he was injured by the defendants' conduct, and the trial court did not rule that the discovery rule applies; on the contrary, the court ruled that the statute of limitations barred any claim that arose more than three years before the plaintiff filed suit. Accordingly, we conclude that the defendants have failed to show that the court erred in implicitly ruling that the $45 per day obligation was in essence an installment contract and, thus, that the claims for rental payments from July 18, 2010 through the date of the fire were timely. See Coyle, 147 N.H. at 100 (on appeal, appellants have the burden to demonstrate error).

2

To the extent that the defendants argue that the January 11, 2008 letter from the plaintiff's attorney effectively terminated the contract and, thus, that no rent accrued after that date, we note that the letter expressly states: "The contract continues to accrue charges at a daily rate of forty-five dollars per day for the use of the equipment." Accordingly, we conclude that the trial court was not compelled to find that the attorney's letter terminated the contract. See Behrens v. S.P. Constr. Co., 153 N.H. 498, 500-01 (2006) (We will sustain the trial court's findings if they are supported by the record.).

The defendants next argue that the trial court erred in failing to conclude that the plaintiff's conversion claim was time-barred. They argue that the statute of limitations on this claim started to run on the date of the attorney's demand letter, January 11, 2008, or shortly thereafter, because they failed to return the plaintiff's equipment in response to the letter. They concede that nothing in the record shows that they explicitly refused to return the plaintiff's equipment after receiving the letter. They assert, however, that their lack of response within the ten-day period set forth in the letter "constituted a refusal" for purposes of the statute of limitations.

We conclude, however, that the trial court was not compelled to find that the defendants' failure to return the equipment in response to the attorney's demand letter constituted a conversion of the plaintiff's property. See LFC Leasing & Financial Corp. v. Ashuelot Nat. Bk., 120 N.H. 638, 640 (1980) (noting that "not every failure to deliver upon demand will constitute a conversion"). Moreover, such a finding would be inconsistent with the defendants' position that they repeatedly asked the plaintiff to retrieve his equipment, but that the plaintiff failed to do so in a timely manner. Thus, the trial court was not required to find that the limitations period had expired before the plaintiff filed suit. The trial court concluded that the defendants converted the plaintiff's equipment when they failed to allow for the return of the property prior to the fire that damaged it beyond repair and maintained possession of it during the fire. We assume the trial court found that the conversion occurred within three years of July 18, 2013, the date the plaintiff filed suit, see Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004) (we assume trial court made all findings necessary to support its decision, even if it did not do so expressly), and conclude that the record supports such a finding, see Behrens, 153 N.H. at 500-01.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3