**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0574, <u>In the Matter of Wayne Sarette and Linda Sarette</u>, the court on August 10, 2015, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm in part, vacate in part, and remand.

The respondent, Linda Sarette (wife), appeals a final decree of the Circuit Court (<u>Moore</u>, J.) in her divorce from the petitioner, Wayne Sarette (husband). She argues that the trial court erred in: (1) denying her claim for a fault-based divorce; (2) allegedly awarding two snowmobiles and two ATVs to the parties' two children; (3) including funds held in an education savings account as an asset awarded to her; (4) not requiring the husband to disclose certain records relevant to the value of his plumbing business; (5) awarding insufficient alimony; and (6) relying upon the husband's appraisal to value the marital home.

The wife first argues that the trial court erred in denying her claim for a fault-based divorce. Whether the irremediable breakdown of the marriage was caused by irreconcilable differences or the fault of one of the parties is a factual question for the trial court. <u>In the Matter of Martel & Martel</u>, 157 N.H. 53, 61-62 (2008). We will affirm the trial court's factual findings unless the evidence does not support them or they are legally erroneous. <u>Id</u>. at 62. The trial court here found that "the stress of financial worries, [the] wife's emotional and physical health, the lack of common interests, and the parties' gradual and growing unhappiness" caused the breakdown of the marriage. Although the wife testified that the husband told her that she would receive "nothing" in the divorce, that he would "scream at [her] and ask . . . when [she] was getting out of his house," that he told her that she was "worthless," and that, prior to one counseling appointment, he told her that he had a girlfriend, the record supports the trial court's finding that the marriage had already broken down as a result of irreconcilable differences before these and other events the wife relied upon had occurred. <u>See id</u>.

The wife next argues that the trial court erred in its property division because, she alleges, the court "apparently adopted" the husband's proposal to award two snowmobiles and two ATVs in his possession to the two children. The trial court is afforded broad discretion in determining matters of property distribution when fashioning a final divorce decree. <u>In the Matter of Costa &</u>

Costa, 156 N.H. 323, 326 (2007).  We will not overturn the trial court's decision absent an unsustainable exercise of discretion or error of law.  Id.  The wife testified that she did not want the snowmobiles or ATVs.  The husband testified that he did not want the vehicles, either, because he had a snowmobile and an ATV of his own, and the vehicles in dispute were used by the children.  The husband proposed awarding the vehicles to the children, adding, "If they don't want them, they can sell them and use the money for whatever they want." The trial court did not award the vehicles to the children, but awarded the husband "the boat and all of the motor vehicles in his possession," which it valued at $8,750.  The husband's evidence showed that his equity in the boat and motor vehicles was $8,750 exclusive of the two snowmobiles and two ATVs at issue.  Thus, it appears that the court assigned no value to the vehicles in dispute.  Because neither party wanted the vehicles, we cannot conclude that the trial court erred in awarding them to the husband and assigning them no value.  See id.

The wife next argues that the trial court erred by including $8,541 held in an Edward Jones account as an asset awarded to her pursuant to the decree.  She argues that more than $3,000 of that figure consists of funds she holds in Coverdell education savings accounts as custodian for the children. At trial, the court agreed that such sums "should be deducted from [the wife's] accounts."  See RSA 458:16-a, III (2004) (When a party retains an ownership interest in an educational savings account, the trial court has the discretion to "preserve the account for its original purpose," rather than treating it as property subject to equitable division.).  On appeal, the husband agrees that the trial court made a "minor math mistake" by not deducting the amount the wife holds as custodian for the children; however, he does not agree with the wife's calculation of the amount that should be deducted.  Accordingly, we vacate the property award to the limited extent that it awarded the Edwards Jones account to the wife, and remand for the court to clarify its ruling on this issue and to make any additional factual findings and rulings that may be necessary to support its decision.  See RSA 458:16-a, IV (2004) (requiring trial court to "specify written reasons for the division of property which it orders"). In light of this math error, the trial court may make such other adjustments to the property division as may be necessary to achieve the equitable distribution it had intended.

The wife next argues that the trial court erred in not requiring the husband to disclose certain accounts receivable and other records relevant to the value of his business.  The value of a business is a question of fact to be determined by the trial court based upon the particular facts and circumstances.  See In the Matter of Cottrell & El-Sherif, 163 N.H. 747, 749 (2012).  We will not disturb the trial court's findings unless they are unsustainable on the record.  Id.  It is the wife's burden as the appealing party to provide an adequate record to demonstrate error.  Coyle v. Battles, 147 N.H. 98, 100 (2001).  The transcript of the final hearing shows that as the wife's

2

counsel was finishing her cross-examination of the husband, she then engaged in a colloquy with the court and opposing counsel regarding pretrial discovery of the husband's business records. The wife's counsel asserted that she needed profit and loss statements, accounts receivable as of January 1, 2014, and a "monthly breakdown on the sales journal." The husband, who remained on the stand during the colloquy, testified that he did not know whether the business "even generate[s] such a thing," but offered to "call [his] accountant" and "find out." The wife failed to provide a record of subsequent proceedings or court rulings to show how this issue was resolved. Accordingly, we conclude that the wife has failed to provide a record sufficient to show error. See id.

The wife next argues that the trial court erred in its alimony award. The trial court is afforded broad discretion in awarding alimony. In the Matter of Harvey & Harvey, 153 N.H. 425, 430 (2006), overruled on other grounds by In the Matter of Chamberlin & Chamberlin, 155 N.H. 13, 15-16 (2007). We will not overturn its decision on such matters unless it is lacking in evidentiary support or tainted by error of law. In the Matter of Fowler & Fowler, 145 N.H. 516, 519 (2000). The amount of alimony awarded must be sufficient to cover the wife's needs, within the limits of the husband's ability to pay. Harvey, 153 N.H. at 433; see RSA 458:19, I (Supp. 2014). The wife first argues that the trial court miscalculated the husband's ability to pay alimony because his business pays for many of the personal expenses he listed on his financial affidavit. This fact did not, however, escape the trial court's attention. After noting that the husband claimed monthly personal expenses of $7,163, the court specifically found that "[t]he business pays for many of husband's personal expenses." The court also found that the husband's business pays for the wife's health insurance, at a cost of $643 per month, her car loan payment, at a cost of $465 per month, and her car insurance and registration, at a cost of $81 per month. The court ordered that the "[h]usband or the business shall continue to pay these expenses." Based upon this record, we conclude that the wife has failed to show that the trial court miscalculated the husband's ability to pay alimony as a result of this arrangement with his business. See Fowler, 145 N.H at 519.

The wife also argues that the court failed to award sufficient alimony. She sought an alimony award of $4,500 per month for nine years. The trial court awarded the wife $1,500 per month until the husband's child support obligations end and $2,700 per month thereafter, ending after a total period of six years of alimony payments. The trial court found that "[t]he total amount of monthly support that [the] wife will receive for the next six years, including the car and insurance payments, is approximately $4,000 per month, less than what she needs, but as much as the husband can pay." The court noted that the wife "should be able to supplement her income by increasing her bookkeeping and accounting business." We conclude that the record supports the court's alimony award. See id.

3

Finally, the wife argues that the trial court erred in its selection of the valuation date for the marital home, which the court awarded to the husband. Trial courts are free to exercise their sound discretion in establishing an appropriate valuation date for the equitable distribution of marital assets. In the Matter of Nyhan and Nyhan, 147 N.H. 768, 771 (2002). The wife provided the trial court with an appraisal from January 2013 valuing the marital home at $340,000. The husband provided the court with an appraisal from August 2013 valuing the home at $310,000. The court found the husband's appraisal to be more reliable because: (1) it was closer in time to the final hearing; (2) it used more comparable sales data; (3) it made fewer adjustments to comparable sales; and (4) the average distance between the marital home and the comparable sales was shorter. On appeal, the wife suggests that because the court ordered the husband to refinance the mortgage within ninety days, and to remove the wife's name from the mortgage, it would be more equitable for the court to choose the refinancing date as the valuation date. The wife cites no authority requiring the trial court to select the valuation date in such a manner. Based upon this record, we conclude that the trial court sustainably exercised its discretion in selecting the August 2013 valuation date for the marital home. See id.

Affirmed in part; vacated in part; and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

4