**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0131, <u>In the Matter of Amanda Herman and Nathan Adams</u>, the court on December 9, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Amanda Herman (wife), appeals the final decree of the Circuit Court (<u>Yazinski</u>, J.) in her divorce from the respondent, Nathan Adams (husband), arguing that the court erred in: (1) awarding the husband primary residential responsibility for the parties' two children; (2) "voiding" the temporary alimony order; and (3) determining her child support arrearage.

The wife first argues that the trial court erred in awarding the husband primary residential responsibility for the parties' two children. In determining parental rights and responsibilities, the court is guided by the best interests of the child. RSA 461-A:6, I (Supp. 2015). We will not overturn the trial court's determination except when there has been an unsustainable exercise of discretion. <u>In the Matter of Hampers & Hampers</u>, 154 N.H. 275, 281 (2006). This means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgment. <u>Id.</u>

The wife argues that the trial court failed to consider the factors set forth in RSA 461-A:6 for determining the children's best interest. The factors set forth in RSA 461-A:6 include the following:

(a) The relationship of the child with each parent and the ability of each parent to provide the child with nurture, love, affection, and guidance.
(b) The ability of each parent to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment.
(c) The child's developmental needs and the ability of each parent to meet them, both in the present and in the future.
(d) The quality of the child's adjustment to the child's school and community and the potential effect of any change.
(e) The ability and disposition of each parent to foster a positive relationship and frequent and continuing physical, written, and

telephonic contact with the other parent, including whether contact is likely to result in harm to the child or to a parent.

. . .

(l) Any other additional factors the court deems relevant.

RSA 461-A:6, I.  The trial court found that "[t]here has never been any question that [the wife] is capable of nurturing, loving and showing affection for her children."  However, the record shows that, by the time of the final hearing, the children had resided primarily with their father for more than three years.  The wife was previously found to have neglected the younger daughter based upon a finding that the child failed to thrive in the wife's care.  The wife corrected the conditions of neglect, and the neglect case was closed.

Rather than focusing upon the neglect finding, however, the trial court focused upon the parties' "current behavior and parenting abilities in order to arrive at an appropriate Parenting Plan which would be in the best interests of the children."  The court found that the wife "consistently involve[s] medical providers in issues that would normally be addressed by a parent in the home environment."  The court also found that "[i]t is likely that [the wife] would continue her pattern of taking the children to medical providers whether they need to be seen or not."  In addition, the court found that "the children are currently doing well in their present residential situation," and that "they are safe, happy and healthy in their father's home and in his care."  Although the court found that the husband "refuses to encourage a strong and healthy relationship between the children and their mother," it found that the wife "is also unable to pursue or maintain a stable co-parenting relationship."  Based upon the court's findings, which directly relate to the RSA 461-A:6 factors, we conclude that it adequately considered the statutory factors for developing a parenting plan in the children's best interest.  To the extent that the wife argues that the trial court erred by not expressly citing the factors under RSA 461-A:6 that it was relying upon, we note that nothing in the statute, absent a party's request, obligates the trial court to issue express findings of fact relative to those factors.  See RSA 461-A:6, VII (Supp. 2015) (requiring trial court, "[a]t the request of an aggrieved party," to "set forth the reasons for its decision in a written order") (Emphasis added.); cf. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 598-99 (2011) (observing that the factors considered by the trial court were consistent with the factors set forth in RSA 461-A:6, I).

The wife argues that the court's findings are not supported by the record. On appeal, we will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or legally erroneous.  In the Matter of Nyhan and Nyhan, 147 N.H. 768, 770 (2002).  If the court's findings can reasonably be made on the evidence presented, they will stand.  In the Matter of Peirano & Larsen, 155 N.H. 738, 749 (2007).  The record contains a final report of the guardian ad litem (GAL), who noted that the father had primary residential responsibility for the children for years, and who found nothing to suggest that

the final parenting plan "should be changed from the status quo." At the final hearing, the GAL testified that his recommendations were unchanged. The record also contains correspondence from Dartmouth-Hitchcock Medical Center, including the hospital's "no trespass" letter to the wife, supporting the trial court's findings regarding the wife's contentious relationship with the children's medical providers. Based upon our review of the record, we conclude that the court's findings are supported by the record. See Nyhan, 147 N.H. at 770.

Citing testimony from the wife and her witnesses, the wife challenges a number of the trial court's specific factual findings. The husband counters with testimony supporting the court's findings. We defer to the trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009). Based upon our review of the record, we conclude that the court's findings can reasonably be made on the evidence presented. See Peirano, 155 N.H. at 749.

The wife next argues that the trial court erred in "voiding" the temporary alimony order. The trial court is afforded broad discretion in awarding alimony. In the Matter of Nassar & Nassar, 156 N.H. 769, 772 (2008). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Id.

The record shows that in December 2012, the trial court issued a temporary order requiring the husband to pay $400 per month in alimony starting January 2013. The court denied the husband's motion for reconsideration. In context, we construe the temporary order to award alimony only until the wife obtained gainful employment. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of a trial court order is a question of law, which we review de novo). In March 2013, the wife moved for contempt, asserting that the husband had paid $400 in January, but only $150 in February. She asserted that she needed the alimony "to reimburse her landlord for unpaid rent while she was unemployed." The husband, in a verified objection and motion to terminate alimony, asserted that he understood that the alimony order "was temporary until [the wife] obtained employment," and that the wife was "now employed and no longer in need of alimony."

In its final orders, the court found that "there are no arrearages and nothing further is payable to [the wife]." We assume that the court found that the wife obtained employment before any additional alimony became due. See In the Matter of Costa & Costa, 156 N.H. 323, 331 (2007) (We assume that the trial court made all findings necessary to support its decree.). Although the wife argues that "[t]here is nothing in the record to indicate when re-employment occurred," she has failed to demonstrate that the court's assumed

3

finding is incorrect.  See Coyle v. Battles, 147 N.H. 98, 100 (2001) (appellant has burden to demonstrate error and to provide an adequate record for our review).  Moreover, although the court "voided" the alimony award, nothing in the record suggests that it required the wife to reimburse the husband for the alimony he paid.  Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in its alimony order.  See Nassar, 156 N.H. at 772.

Finally, the wife argues that the trial court erred in determining the child support arrearage.  We will not disturb the trial court's child support ruling absent an unsustainable exercise of discretion or an error of law.  In the Matter of Laura & Scott, 161 N.H. 333, 335 (2010).  The wife argues that the trial court erred because it reduced her future child support obligation without also reducing her arrearage.  The trial court found that the wife's increased parenting time under the final decree, and the likelihood that she will need to incur additional expenses, constituted special circumstances warranting an adjustment from the guidelines.  See RSA 458-C:5, I (Supp. 2015) (adjustments to child support for special circumstances).  However, this determination did not require the trial court to find that such special circumstances existed prior to the final decree; that is, during the time the temporary decree was in effect.  Accordingly, we cannot conclude that the court's child support ruling constitutes an unsustainable exercise of discretion or error of law.  See Laura, 161 N.H. at 335.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

4