**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0157, <u>In the Matter of Aileen MacNaughton and Martin Robert</u>, the court on December 22, 2016, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Martin Robert (husband), appeals the final decree of the Circuit Court (<u>Cross</u>, R., approved by <u>Maloney</u>, J.) in his divorce from the petitioner, Aileen MacNaughton (wife), raising numerous challenges to the trial court's alimony award.

The trial court is afforded broad discretion in awarding alimony. <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 772 (2008). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. "Our role is not to review the alimony award <u>de</u> <u>novo</u>, but to determine only whether there is an objective basis sufficient to sustain the discretionary judgment made." <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 803-04 (2015) (quotation omitted). We will uphold its factual findings unless they are lacking in evidentiary support or tainted by error of law. <u>Nassar</u>, 156 N.H. at 772.

The husband first argues that the trial court erred in awarding alimony because it found that he "cannot presently afford to pay alimony." Pursuant to RSA 458:19, I (Supp. 2015), the trial court may award alimony only if it finds that "[t]he party from whom alimony is sought is able to meet reasonable needs while meeting those of the party seeking alimony." In this case, however, the trial court did not order the husband to start paying alimony until the parties' minor daughter turns eighteen or graduates from high school, whichever occurs later, when his $805 monthly child support obligation will end. At that time, the court found, he "will be able to afford to pay $1,000 per month [in alimony]." The record supports the court's finding. <u>See</u> <u>Nassar</u>, 156 N.H. at 772. Because the trial court did not order the husband to start paying alimony until he can afford to do so, we cannot conclude that it erred in awarding alimony despite his present inability to pay.

The husband next argues that the trial court erred in awarding alimony because it failed to consider "the style of living to which the parties have become accustomed during the marriage." <u>See</u> RSA 458:19, I. The husband argues the style of living to which the parties became accustomed during the

marriage involved numerous foreclosure proceedings, bankruptcy, and a history of financial difficulties. The wife counters that the parties were married for more than twenty-five years and that, for most of their marriage, they were able to enjoy a modest lifestyle free from financial difficulty. Nothing in the record suggests that the alimony award of $1,000 per month will afford the wife a better style of living than that to which she became accustomed during the marriage. Accordingly, we cannot conclude that the trial court failed to consider the parties' style of living in its alimony award.

The husband next argues that, in determining the amount of alimony, the trial court failed to consider all the factors enumerated in RSA 458:19, IV (Supp. 2015). In determining the amount of alimony to award, the court may consider the value of economic and non-economic contributions to the family unit, RSA 458:19, IV(d) (Supp. 2015), and:

> shall consider the length of the marriage; the age, health, social or economic status, occupation, amount and sources of income, the property awarded . . ., vocational skills, employability, estate, liabilities, and needs of each of the parties; the opportunity of each for future acquisition of capital assets and income; the fault of either party . . . and the federal tax consequences of the order.

RSA 458:19, IV(b) (Supp. 2015).

In this case, the trial court found that: (1) the marriage was long term – more than twenty-five years; (2) the wife left a career in sales in 1999 to stay home with the children; (3) the wife managed the family home and "shouldered most of the caregiving responsibilities" for the parties' three children; and (4) the husband was the primary wage earner during the marriage. The husband argues that the court failed to consider the other enumerated factors, including the wife's occupation, her good health, and the property awarded to her. The fact that the trial court did not discuss these other factors in its order does not imply that it did not consider them. In re Jonathan T., 148 N.H. 296, 304 (2002). We assume the trial court made all findings necessary to support its decision, even if it did not do so expressly. See In the Matter of Costa & Costa, 156 N.H. 323, 331 (2007). Accordingly, we assume that the trial court considered all the factors enumerated in RSA 458:19, IV, and that its findings support the amount of alimony awarded. See id. The record supports the trial court's assumed findings. See Nassar, 156 N.H. at 772.

The husband next argues that the primary purpose of alimony is rehabilitative, see In the Matter of Fowler & Fowler, 145 N.H. 516, 520 (2000), and that the wife's reemployment, which started in the late summer of 2015, shows that she does not need alimony. Although the wife is employed, the court found that her income of $3,035 per month is insufficient to pay her

2

reasonable expenses, a finding that is supported by the record.  See Nassar, 156 N.H. at 772.  Thus, the record supports the wife's need for alimony.

The husband next argues that the trial court's findings regarding the parties' future income and expenses are not supported by the record.  The trial court assumed that the husband's monthly income will remain constant, even though his gross business receipts rose from $38,000 in 2010 to $104,000 in 2014.  The court also found that if the husband continues to pay $1,000 per month toward his $25,000 tax liability, an expense claimed in his financial affidavit, he will have paid off most if not all of his $25,000 tax liability by the time his alimony obligation begins.  We conclude that the record supports the court's findings regarding the parties' expected future income and expenses.  See Nassar, 156 N.H. at 772.

The husband next argues that the court erred in its alimony award because it is based on the wife's estimated expenses, rather than her actual expenses.  In her financial affidavit, the wife estimated that she will need to pay $1,500 in rent, $200 for heating, and $330 in utilities each month after foreclosure on the marital home.  The husband argues that "there was no testimony as to how [the wife] arrived at that [rent] estimate."  The wife testified that she would be "finding an apartment," and that [$1,500] is "what [she] estimated [the rent] would be."  It is not our role to calculate how much weight a trial court should accord specific evidence.  In the Matter of Choy & Choy, 154 N.H. 707, 714 (2007).  It is for the trial court to make that determination.  Id.  We conclude that the trial court's findings regarding the wife's expenses could reasonably have been made based upon the evidence presented.  Cook v. Sullivan, 149 N.H. 774, 780 (2003).

The husband next argues that the trial court erred in finding that he offered to pay $1,200 per month in alimony for 36 months when, in fact, he offered to pay $400 per month in alimony for 36 months, and that the court misunderstood the parties' agreement regarding the deficiency on the marital home and the effect of the wife's bankruptcy filing.  The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration.  Fam. Div. R. 1.26(F); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002).  These alleged errors appeared for the first time in the court's final decree, and the husband did not provide the court with an opportunity to correct them by moving for reconsideration.  Accordingly, we conclude they are not preserved for review.

We note, however, that even if these issues had been preserved, we would find no error.  The trial court based its alimony award upon the parties' income and expenses; there is no indication that the husband's alimony offer entered into the analysis.  Further, the court acknowledged in its decree that the wife

3

filed for bankruptcy and that the marital home was in foreclosure. It ordered that "[i]f there is a deficiency and the lender seeks to collect it from the parties, they are each responsible to pay 50% of it <u>provided that the wife's liability has not been discharged through bankruptcy</u>." The husband has failed to demonstrate that the court's order reflects a misunderstanding of the effect of the wife's bankruptcy filing or of the parties' agreement regarding the deficiency on the marital home. <u>See</u> <u>Coyle v. Battles</u>, 147 N.H. 98, 100 (2001) (appellant has burden to demonstrate error and to provide an adequate record for our review).

To the extent that the husband's brief raises additional arguments, we conclude that they are insufficiently developed, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), and warrant no further consideration, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

4