**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0216, <u>R. Scott McKnight Revocable Trust v. Elwood McLlarky</u>, the court on January 31, 2017, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Elwood McLlarky, appeals the order of the Circuit Court (Patten, J.) in a landlord and tenant action for non-payment of rent. After a hearing, the trial court found that the defendant "has not been able to pay rent for some time and was unable to reach any resolution by agreement." The trial court entered judgment for the plaintiff, the R. Scott McKnight Revocable Trust, in the amount of $1,350 plus $182.16 in costs, and ordered a writ of possession to issue. The defendant challenges the court's findings.

On appeal, we will affirm the trial court's factual findings unless they are unsupported by the evidence. <u>Town of Newbury v. Landrigan</u>, 165 N.H. 236, 239 (2013). The appealing party, in this case, the defendant, has the burden to demonstrate error. <u>Coyle v. Battles</u>, 147 N.H. 98, 100 (2001).

In his brief, the defendant asserts that, when the lease was signed on November 1, 2015, he paid the security deposit and the first month's rent. The record shows that shortly thereafter, on January 22, 2016, the New Hampshire Department of Health and Human Services (DHHS) approved a $1,300 assistance payment for past due rent. However, the record also shows that the defendant then failed to pay rent that subsequently became due. At the March 17, 2016 hearing, the defendant offered to pay the arrearage by April 2016, but the plaintiff did not accept the offer.

To the extent that the defendant argues that the plaintiff, by accepting the assistance payment from DHHS, agreed to continue leasing the premises to the defendant, regardless of whether he timely paid rent as it became due, the record does not support his argument.

The defendant has failed to demonstrate that the amount of the judgment, $1,350 plus $182.16 in costs, is erroneous. We note that, pursuant

to the lease, the rent is $650 per month, and the plaintiff charges a $25 late fee when the rent payment is not received within seven days from the due date.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**