# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0072, <u>Douglas Coulter v. Bank of America</u>, the court on November 3, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Douglas Coulter, appeals the order of the Circuit Court (<u>Vetanze</u>, J.) dismissing his claims against the defendant, Bank of America, based upon the doctrines of res judicata and collateral estoppel, and for failure to state a claim upon which relief may be granted.

We first address the plaintiff's argument that the court erred in ruling that his claims are barred by res judicata. "Res judicata precludes the litigation in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action." <u>Sleeper v. Hoban Family P'ship</u>, 157 N.H. 530, 533 (2008). "For the doctrine to apply, three elements must be met: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered in the first action." <u>Id</u>. On appeal, the plaintiff has the burden to demonstrate error. <u>Coyle v. Battles</u>, 147 N.H. 98, 100 (2001).

The plaintiff does not dispute that this is the eighth small claim case he has brought against the defendant since 2017. Although he asserts that the prior matters were "completely unrelated to the current case," the record shows otherwise. The prior actions and the present case are based upon the same factual transactions, starting in 2015 and ending in 2017, involving two credit card accounts, including allegedly fraudulent charges on one account and the consequences resulting therefrom, and the defendant's allegedly erroneous closing of the other account due to a delinquency. Although the plaintiff's allegations in this case may emphasize different aspects of the dispute or seek recovery under different theories, the plaintiff has failed to demonstrate that the trial court erred by implicitly determining that such allegations were litigated or could have been litigated in the prior actions, and that the prior cases were resolved by final judgments on the merits. <u>See</u> <u>Sleeper</u>, 157 N.H. at 533; <u>Colye</u>, 147 N.H. at 100.

In light of our decision, we need not address the plaintiff's remaining arguments. See Antosz v. Allain, 163 N.H. 298, 302 (2012) (declining to address parties' other arguments where holding on one issue is dispositive).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**