## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2020-0177, <u>Julia McLaughlin v. Leonard Jones, III</u>, the court on February 17, 2021, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Leonard Jones, III, appeals the order of the Circuit Court (<u>Kelly</u>, J.), following a hearing, entering judgment for the plaintiff, Julia McLaughlin, in a small claims action to recover the balance due on a $7,000 loan. The defendant argues that the trial court erred in: (1) denying his motion to dismiss based on the statute of limitations, <u>see</u> RSA 508:4, I (Supp. 2020), and the statute of frauds, <u>see</u> RSA 506:2 (2010); and (2) not finding that the plaintiff forgave the debt. We affirm.

The defendant first argues that the trial court erred in denying his motion to dismiss the complaint based upon the statute of limitations. In reviewing a trial court's decision on a motion to dismiss, we examine whether the allegations in the plaintiff's complaint are reasonably susceptible of a construction that would permit recovery. <u>Pro Done, Inc. v. Basham</u>, 172 N.H. 138, 141 (2019). RSA chapter 503 establishes a "simple, speedy, and informal procedure" for the determination of small claims. RSA 503:2 (2010); <u>see</u> <u>Thomas v. Crete</u>, 141 N.H. 708, 709 (1997). A small claim complaint need only provide "a description setting forth with specificity the reason(s) the plaintiff believes that the defendant owes money to the plaintiff" and "[t]he amount that the plaintiff claims that the defendant owes." <u>Dist. Div. R.</u> 4.1. In this case, the plaintiff alleged that the defendant "asked [her] for a personal loan to payoff credit card debt." She alleged that she "agreed to loan [the defendant] $7,000 and wrote him a per[s]onal check on 5/16/2012." She also alleged that the defendant "promised to pay the loan back." We conclude that these allegations, particularly in a small claim complaint, are reasonably susceptible of a construction that would permit recovery. <u>See</u> <u>Pro Done, Inc.</u>, 172 N.H. at 141.

The defendant's initial argument that the complaint was time-barred is based upon his erroneous assertion that the statute of limitations began to run on May 16, 2012, the date on which he borrowed the money. In a contract action, the statute of limitations begins to run when the breach occurs. <u>Coyle</u> <u>v. Battles</u>, 147 N.H. 98, 100 (2001). Thus, a contract claim must be brought within three years of breach. <u>Id.</u>; RSA 508:4, I. Given that the complaint was reasonably susceptible of a construction that would permit recovery, the trial court did not err in conducting a hearing on the defendant's motion in order to

determine the timeliness of the complaint.  See In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007) (trial court has broad discretion in managing proceedings before it).  Following the hearing, the court found that the complaint, filed on January 11, 2018, was timely because the breach occurred on November 30, 2017, when the plaintiff, through her attorney, made a formal demand for repayment.

The defendant argues, in the alternative, that the breach occurred no later than May 11, 2013, the date of his last payment on the loan.  Whether a delay in payments is a material breach is a question for the trier of fact to determine from the facts and circumstances of the case.  Fitz v. Coutinho, 136 N.H. 721, 725 (1993).  We will uphold the trial court's findings if there is support for them in the record.  Behrens v. S.P. Constr. Co., 153 N.H. 498, 500-01 (2006).  The plaintiff testified that repayment of the loan was due when the defendant "got on his feet" financially, which she anticipated would take three to four years.  More than five years after the loan was made, the balance due remained largely unpaid.  We conclude that the record supports the trial court's factual determination that the breach did not occur until November 30, 2017.

The defendant next argues that the trial court erred by not dismissing the complaint based upon the statute of frauds.  The statute of frauds, RSA 506:2, requires all agreements not to be performed within one year to be in writing and signed by the party to be charged.  Phillips v. Verax Corp., 138 N.H. 240, 245 (1994).  However, the statute does not apply when the agreement can be performed within one year without breach by either party.  Proctor v. Macdonald, 141 N.H. 621, 624 (1997).  "Likewise, when certain factors, such as fraud, part performance or other equitable considerations, are present," the trial court may dispense with the need for a written agreement." Byblos Corp. v. Salem Farm Realty Trust, 141 N.H. 726, 731 (1997) (quotation omitted).  The plaintiff's exhibit one at the merits hearing was a copy of a personal check for $7,000 from the plaintiff to the defendant for a "loan."  The check was endorsed by the defendant, whose signature appears on the reverse side.  The court found that the defendant paid $1,832.50 toward the loan balance between June 15, 2012 and May 11, 2013.  Assuming, without deciding, that the endorsed check was insufficient, by itself, to satisfy the statute of frauds, we assume that the trial court found that the statute of frauds did not apply, either because the agreement could have been performed within one year, or because the defendant partially performed.  See Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004) (we assume trial court made all findings necessary to support its decision).  We conclude that the record supports the trial court's assumed findings.  See Behrens, 153 N.H. at 500-01.

Finally, the defendant argues that the court erred in not finding that the plaintiff forgave the debt.  He argues that the plaintiff's contrary testimony on this point was not credible, and that his testimony, and that of his other

witnesses, carried more weight.  We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence.  O'Malley v. Little, 170 N.H. 272, 275 (2017).  We will uphold the trial court's credibility determinations unless no rational trier of fact could have reached the same conclusion.  Rancourt v. Town of Barnstead, 129 N.H. 45, 50 (1986).  The trial court found that the plaintiff, while "she may have been considering it, or musing about it," did not forgive the debt.  We conclude that the record supports the trial court's finding.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3