**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0506, <u>Stephanie Kelly v. Corey Rivers</u>, the court on July 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Stephanie Kelly, appeals the order of the Circuit Court (<u>Kent</u>, R., approved by <u>Chabot</u>, J.) dismissing her petition for relief under RSA chapter 540-A (2021) against the defendant, Corey Rivers. The plaintiff argues that the trial court erred in dismissing her petition for lack of standing. She also raises several issues regarding the trial court's management of the proceedings. We affirm.

Under RSA chapter 540-A, a "tenant" may bring a claim for damages against a "landlord" for violating the tenant's rights as specifically set forth in the statute. The term "tenant" is defined under the statute as "a person to whom a landlord rents or leases residential premises." RSA 540-A:1, II. The term "landlord" is defined as "an owner, lessor or agent thereof who rents or leases residential premises . . . to another person." RSA 540-A:1, I. The term "premises" is defined as "the part of the landlord's property to which the tenant is entitled exclusive access for living or storage as a result of the rental or lease agreement." RSA 540-A:1, III.

The trial court dismissed the plaintiff's petition based upon its finding that she was not a "tenant" because she did not pay rent or occupy the subject premises as a tenant. The court dismissed the petition without prejudice to the plaintiff's right to bring her claim "under the appropriate statute."

On appeal, the plaintiff has the burden to demonstrate error and must provide an adequate record for our review. <u>Coyle v. Battles</u>, 147 N.H. 98, 100 (2001); <u>see</u> <u>also</u> <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (noting that our rules of appellate practice are not relaxed for self-represented litigants).

The plaintiff alleges that she and the defendant "were in a committed relationship for over 8 years and cohabited as such for the entirety of this time frame." Although the plaintiff also alleges that she was a "tenant" as defined in RSA 540-A:1 because she "routinely gave [the defendant] money towards rent," the limited record she provided on appeal contains no lease agreement and no evidence of rental payments having been made. Accordingly, we conclude that

the plaintiff has failed to show that the trial court erred in dismissing her petition based upon its finding that she did not pay rent or occupy the premises as a tenant. See Coyle, 147 N.H. at 100.

The plaintiff raises several issues regarding the trial court's management of the proceedings. We review the trial court's management of the proceedings under an unsustainable exercise of discretion standard. In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). To establish that the court erred under this standard, the plaintiff must demonstrate that the court's rulings were clearly untenable or unreasonable to the prejudice of her case. Id. Having reviewed the record submitted on appeal, we conclude that the plaintiff has failed to meet this standard. See id.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**